# Richmond.

## COMMONWEALTH ET ALS V. ALVIN BEAVERS.

March 22, 1928.

Absent, Burks, J.

1. JUDGMENTS AND DECREES—*Sentence—Lack of Jurisdiction—Judgment or Sentence Void—Collateral Attack.*—Any judgment of a court is void if the court does not have jurisdiction of the person or of the subject matter, or if the court renders judgment beyond its power. Any judgment which is not founded upon these jurisdictional requirements is void, and subject to attack in collateral proceedings.

2. SENTENCE—*Lack of Jurisdiction—Sentence Void—Charge of Unlawful Manufacturing of "Ardent Spirits"—Sentence for a Felony—Case at Bar.* —In the instant case, a habeas corpus proceeding, it was contended that the sentence of petitioner was void because the indictment only charged him with a misdemeanor, i. e., the unlawful manufacture of "ardent spirits" and the jury found petitioner guilty of a felony and the court entered judgment for a felony upon this verdict. The attorney who drafted the indictment intended to charge defendant with the commission of a felony; the grand jury intended to charge a felony, and the court, the attorney for the Commonwealth, and the attorney for the defendant all proceeded upon the theory that the trial was for a felony, and the charge was for a felony. Defendant was duly arraigned as in a felony case; a felony jury was empanelled, and a verdict and judgment for a felony rendered.

   *Held:* That while this action of the court could not convert a misdemeanor into a felony if a clear misdemeanor had been charged, yet it was tantamount to and did amount to a judicial determination, acquiesced in by all parties, that defendant was charged with a felony; and while this was perhaps error, it only rendered the judgment voidable and not void, and could only be corrected upon writ of error.

3. CRIMINAL LAW—*Estoppel—Inconsistent Positions Assumed by Defendant.*—It is a well established principle that a defendant in a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts. It is equally true that he cannot after his cause has been heard in the trial court and appellate court, assume a position thereafter inconsistent with the position he assumed in those courts.

4. INTOXICATING LIQUORS—*Charge of Unlawful Manufacture of Ardent Spirits—Whether Judgment for Felony Void or Voidable—Law of the Case.*—To say that since the decision in the *Gimmell Case,* 145 Va. 865, 134 S. E. 699, every judgment for felony rendered prior to that decision upon indictments charging simply the unlawful manufacture of "ardent spirits" is void, is inconceivable. It may be true that all the courts were in error in holding such indictments charged a felony, but such holding was the law of each case, subject to review for error, and did not render the judgment of the court void because it had no power to pronounce the judgment.

5. INTOXICATING LIQUORS—*Charge of Unlawful Manufacture of Ardent Spirits—Whether Judgment of Conviction of Felony Void or Voidable— Law of the Case—Case at Bar.*—In the instant case, a habeas corpus proceeding, petitioner on a charge of unlawfully manufacturing "ardent spirits" was convicted and sentenced for a felony. This action of the court upon the indictment was equivalent to a holding that the indictment charged a felony, and the affirmance of that judgment by the Supreme Court of Appeals under the circumstances was a holding by that court that the indictment charged a felony. On the trial of the habeas corpus proceeding the trial court assumed that petitioner was charged with and tried for a misdemeanor, and convicted of a felony. On the contrary he was charged with a felony, tried for a felony and convicted of a felony, and the fact that the Supreme Court of Appeals later in the *Gimmell Case,* 145 Va. 865, 134 S. E. 699, held that such an indictment did not charge a felony had no retroactive effect and the order of the circuit court in habeas corpus proceeding discharging petitioner from custody was erroneous and should be reversed.

Error to a judgment of the Circuit Court of Page county, in habeas corpus proceedings. Judgment for petitioner. Commonwealth assigns error.

*Reversed.*

The opinion states the case.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General,* for the Commonwealth.

*Robert A. Hutchison,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Page county, entered on the 17th day of June, 1927, in a habeas corpus proceeding wherein Alvin Beavers, hereinafter referred to as defendant, was the petitioner, and the Commonwealth of Virginia, R. M. Youell, Superintendent of the State Penitentiary, and C. A. Coleman, sergeant of convict camp No. 10, then located in Page county, hereinafter referred to as petitioners, were respondents. Alvin Beavers, the defendant, had been convicted on the 15th day of April, 1926, in the Circuit Court of Prince William county of a felony, for violation of the prohibition law and sentenced to three years in the penitentiary and to pay a fine of $100.00. Shortly after his conviction he applied for a writ of error to this court, which was denied him, and the judgment of the trial court was affirmed in every particular.

The defendant was sent to the penitentiary pursuant to his sentence and placed at hard labor in convict camp No. 10.

The petition for a writ of habeas corpus alleged in substance that the indictment upon which the defendant was tried charged him with the commission of a misdemeanor; that he was tried and convicted for a felony, and that in consequence, the judgment of conviction is void, and being void is subject to collateral attack by habeas corpus, and defendant is entitled to be released. The trial court took this view of the case and released the defendant from custody. A writ of error duly awarded petitioners brings this action of the circuit court before us for review.

Opinion.

[1] It may be conceded at the outset that if the original judgment of the Circuit Court of Prince William county is void, either for lack of jurisdiction by that court of the person of the defendant, of the subject matter, or if it exceeded its powers in the judgment it rendered, the order of the circuit court in these proceedings should be affirmed. It is conceded that the Circuit Court of Prince William had jurisdiction of the defendant, and that it had jurisdiction to try any and all offenses against the prohibition law, but it is contended that the defendant was only charged with a misdemeanor (the indictment appears in the margin*) and that the jury found him guilty of a felony and the court entered judgment for a felony upon this verdict. It is argued that the court had no power to render this judgment and that hence it is void.

---

*Commonwealth* v. *Alvin Beavers*, Indictment for a Felony. A true bill, C. V. Grove, foreman. And having nothing further before them were discharged for the term.

INDICTMENT

State of Virginia,
    County of Prince Willian, to-wit;
        In the Circuit Court of Prince William county:

The grand jurors in and for the body of said county of Prince William and now attending said court at its April term, 1926, upon their oaths, do present that Alvin Beavers on March 24, 1926, in said county of Prince William, did unlawfully manufacture ardent spirits, against the peace and dignity of the Commonwealth of Virginia.

Second count: And the jurors aforesaid, upon their oaths aforesaid, do further present that the said Alvin Beavers on the said 24th day of March, 1926, in said county, did unlawfully have in his possession 2 barrels of mash, 1 dozen fruit jars, 2 barrels or tub fermenters, and other substances capable of being used in the manufacture of ardent spirits, without being registered with the Commissioner of Prohibition and obtaining from him a permit therefor, against the peace and dignity of the Commonwealth of Virginia.

Upon the evidence of:

    R. H. Duvall,
    J. T. L. Rollings,
    C. L. Reading,
    Jas. Harley.

Since the decision in *Ex Parte Tobias Watkins*, 3 Peters 193, 7 L. Ed. 650 (opinion by Chief Justice Marshall), to the effect that a court, upon trial of a writ of habeas corpus, could not look beyond the judgment of a court of general jurisdiction, and re-examine the charges upon which it was rendered, the modern trend of decisions is to the effect that any judgment of a court is void if the court does not have jurisdiction of the person, of the subject matter and, if it renders judgment beyond its power, that is any judgment which is not founded upon these jurisdictional requirements, is void and subject to attack in collateral proceedings.  Numerous cases cited in the briefs support this doctrine.  *Ex Parte Parks*, 93 U. S. 18, 23 L. Ed. 787; *In re Coy*, 127 U. S., 731, 8 S. Ct. 1263, 32 L. Ed. 274; *Ex Parte Siebold*, 100 U. S., 371, 25 L. Ed. 717, *Ex Parte Yarbrough*, 110 U. S., 651, 4 S. Ct. 152; 28 L. Ed. 274; *In re Hans Neilson*, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118; *In re Mills*, 135 U. S., 263, 10 S. Ct. 762, 34 L. Ed. 107; 12 R. C. L., 1197; *State* v. *Gray*, 37 N. J. L. R., 368, (N. J.); *Ex Parte Thomas*, 12 Porto Rico, 350.

[2] In the instant case, however, we do not conceive that the Circuit Court of Prince William county exceeded its authority in pronouncing judgment, because we do not think the court tried the accused for a misdemeanor.  The whole theory of the counsel for defendant is based upon the assumption that he was charged with and tried for a misdemeanor, and sentenced for a felony.  If he is in error as to this, as we think he is, his case falls.

Undoubtedly the attorney who prepared the indictment undertook to draw an indictment charging the defendant with the commission of a felony; the grand jury which returned the indictment intended to charge

a felony, and the court, the attorney for the Common-wealth and attorney for the defendant all proceeded upon the theory that the trial was for a felony, and the charge was for a felony.   The defendant was duly arraigned as in a felony case; a felony jury was em-panelled, and, finally, a verdict and judgment for a felony were found and rendered.   Indeed, it was a *concessum* in the trial court and in this court.   This action of the court, of course, could not convert a misdemeanor into a felony if a clear misdemeanor had been charged, but the action of the court was tanta-mount to, and did amount to, a judicial determination, acquiesced in by all parties, that the defendant was charged with a felony and not with a misdemeanor— an error, perhaps, but one which rendered the judgment voidable and not void, under the peculiar facts of this case, and one which was subject to correction only upon writ of error.

[3] It is a well established principle that a defendant in a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts.   It is equally true that he cannot after his cause has been heard in the trial court and appellate court, assume a position thereafter inconsistent with the position he assumed in those courts.

Without taking the position that the principle enun-ciated by Judge Sims in *Kelley* v. *Commonwealth*, 140 Va. 522, 125 S. E. 437, is conclusive of the question now under consideration, because in that case the defendant who had been tried in the lower court upon the theory that he was charged with a *misdemeanor*, undertook in the appellate court to assume the position that he was really charged with a felony in the trial court and that the case should be reversed on this account, the principle is sound in all cases that a

defendant may not assume inconsistent positions in the trial of his case.

In the syllabus of the *Kelley Case, supra,* which correctly construes the text, the general doctrine is clearly stated thus: "Where amendments to an indictment were made, and the trial thereupon was proceeded with upon the theory on the part of both the accused and the Commonwealth that the indictment as amended did not charge a felony but a misdemeanor, and the accused had the benefit of the trial on a charge of a misdemeanor, instead of a felony, accused cannot change her position on appeal, and claim that the offense was a felony and not a misdemeanor.

"The appellate court is not designed as an arena for the display of the ingenuity and technical skill of counsel, but to attain, as nearly and as speedily as may be, the ends of justice; and parties litigant may not play fast and loose with the court by taking inconsistent positions at different stages of the proceedings in court."

In the instant case, the trial was proceeded with upon the theory on the part of the court, the accused and the Commonwealth that the indictment charged a felony. The writ of error was prosecuted on this theory of the accused, and now the contention is made for the first time, in a collateral proceeding, that the indictment was for a misdemeanor.

[4] At the time of the rendition of the judgment against the defendant, *Gimmell's Case,* 145 Va. 865, 134 S. E. 699, had not been decided. That case held that under sections 3 and 5 of the prohibition act of 1924 (Acts 1924, chapter 407), it is a misdemeanor only to unlawfully manufacture ardent spirits. The question as to whether the use of the word "distilled" in the indictment was necessary in order to charge a

felony had never been raised before, and all, or practically all, of the indictments before the decision in the *Gimmell Case*, although intending to charge felonious manufacture, only charged, as the instant indictment does, the unlawful manufacture of ardent spirits. The question was one for judicial determination, and it was by no means one without difficulty. To say that since the decision in the *Gimmell Case, supra*, every judgment for felony rendered prior to that decision upon indictments charging simply the unlawful manufacture of ardent spirits is void, is inconceivable. It may be true that all the courts were in error in holding such indictments charged a felony, but such holding was the law of each case, subject to review for error, and did not render the judgment of the court void because it had no power to pronounce the judgment.

[5] In the instant case, as stated, the action of the court upon the indictment was equivalent to a holding that it charged a felony, and in addition to that, the affirmance of that judgment by this court under the circumstances, was a holding by this court that the indictment charged a felony. If the trial court erred, this court also erred in affirming its judgment. A similar error was later corrected in this court by the decision in the *Gimmell Case*. In the light of all this, we think that the error of the trial court in the instant case (that is, the habeas corpus case) is clear. That court and counsel for the defendant assumed at the outset that the defendant was charged with and tried for a misdemeanor, and convected of a felony. On the contrary he was charged with a felony, tried for a felony and convicted of a felony, and the fact that this court later, in the *Gimmell Case*, held that such an indictment did not charge a felony had no retroactive effect so as to make it possible to liberate

every felon theretofore convicted upon indictments, up to the time of that decision, held to be felony indictments, by all the trial courts.

It would serve no good purpose and it would unnecessarily prolong this opinion to review the authorities relied on by the defendant's counsel to support his views. We have no quarrel with any of these cases. They do not apply to the situation before us for review here.

We conclude, therefore, that the accused was charged with a felony, tried for a felony, sentenced for a felony and he was guilty of a felony, and the order of the Circuit Court of Page county in discharging him from custody was erroneous and should be reversed. The case is, therefore, remanded to the circuit court with directions to issue such process as may be necessary for the arrest of Beavers and his return to the custody of the Superintendent of the Penitentiary, or his duly authorized subordinate.

*Reversed.*