# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

GILFORD WESLEY V. COMMONWEALTH OF VIRGINIA.

November 21, 1949.

Record No. 3591.

Present, All the Justices.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Ballard Baker, Assistant Attorney General,* for the Commonwealth.

MILLER, J., delivered the opinion of the court.

On December 14, 1948, an information was filed in the Circuit Court of the city of Richmond against Gilford Wesley in which it was charged that he had been convicted of a felony on three previous occasions and in each instance

sentenced to the penitentiary. On February 7, 1949, he was tried and convicted as a recidivist and a term of ten years' confinement in the penitentiary imposed.

The material portion of section 5054 of the Code of Virginia, 1942 (Michie), under which accused was prosecuted is as follows:

"When a person convicted of an offense, and sentenced to confinement therefor in the penitentiary, is received therein, if it shall come to the knowledge of the Superintendent of the penitentiary that he has been sentenced to a like punishment in the United States prior to the sentence he is then serving, the superintendent shall give information thereof without delay to the Circuit Court of the City of Richmond. * * * the court may sentence him to further confinement in the penitentiary for a period of not exceeding five years, if he has been once before sentenced in the United States to confinement in the penitentiary; but if he has been twice sentenced in the United States to such confinement, he may be sentenced to be confined in the penitentiary for such additional time as the court trying the case may deem proper. * * * ."

Exclusive of the conviction now under review, the record establishes that accused had been convicted three times in the Corporation Court of the city of Newport News, Virginia. Those convictions are as follows:

November 18, 1943, for housebreaking and sentenced to five years.

February 1, 1946, for grand larceny and sentenced to five years.

July 15, 1947, for housebreaking and sentenced to three years.

The felony for which the last sentence of three years was imposed was committed on the — day of July, 1947.* The record further discloses that while accused was serving his second term for felony, i. e., the sentence imposed upon him February 1, 1946, he escaped, and, while a fugitive, com-

*The record did not show on what date in July, 1947, the felony was committed.—REPORTER'S NOTE.

mitted the crime for which he was convicted on July 15, 1947. In short, he had not finished serving the penalty given under his second conviction at the time he committed the offense for which his third term was imposed. When he was returned to the penitentiary under the third sentence of July 15, 1947, he was confronted with and had to serve the balance of the term imposed for his second conviction.

Accused asserts (1) that the judgments of November 18, 1943, and July 15, 1947, are void and that no prosecution as a third offender under section 5054 can be based on such convictions and sentences, and (2) that if these judgments be valid, nevertheless the recited facts do not bring him within the terms of section 5054 for the reason that when he was received at and entered the penitentiary upon his third conviction he was not "then serving" the third sentence but took up service of the unexpired portion of the second sentence.

The indictment under which accused was convicted and sentenced on November 18, 1943, charged him with the felonious breaking and entry of several different buildings, namely, the "office, shop, storehouse, warehouse, and other house * * * " of Maurice L. Block with intent to steal and the theft therefrom of certain articles. The verdict was as follows:

"We, the jury, find the accused Gilford Wesley, guilty as charged in the within indictment and fix his punishment at Five (5) years in state penitentiary. (Signed) J. N. Pepper, Foreman."

The verdict being general in terms, it is conceded that it is a conviction for housebreaking with intent to commit larceny, yet accused says that the judgment carrying the verdict into effect is void because the verdict did not specify or designate the specific building that he broke and entered.

The verdict is responsive to the charge in the indictment, which is in the language of the pertinent statutes, viz., sections 4438 and 4439 of the Code, 1942 (Michie).

The trivial omission or irregularity, if it measures up to such, in this verdict and judgment pronounced by a court of

competent jurisdiction of the person and subject matter involved could only be questioned by writ of error. *Commonwealth* v. *Beavers*, 150 Va. 33, 142 S. E. 402.

Accused also asserts that the sentence and judgment of July 15, 1947, is void. The indictment upon which this conviction was had charged in one count the unlawful and felonious breaking and entry of certain houses with intent to commit larceny therein and the actual larceny of enumerated articles. Trial by jury was waived and all matters of law and fact submitted to the court upon a plea of guilty. The judgment reads, in part, that "the court doth find the said Gilford Wesley guilty of housebreaking with intent to commit larceny and grand larceny * * * ." Upon the authority of *Clark* v. *Commonwealth*, 135 Va. 490, 115 S. E. 704, accused asserts that the judgment constitutes a conviction and sentence for two distinct crimes, *i. e.*, (1) housebreaking, and (2) larceny—and is therefore void.

In *Clark's Case, supra*, at page 496, we find:

"It would appear from these authorities that where the accused is charged with breaking and entering with intent to commit larceny, and the commission of larceny, he might be convicted of either offense but not of both."

That statement was made by the court with reference to an indictment which charged in one count the two crimes of (a) breaking and entry, and (b) larceny. We agree that under such an indictment the conclusion voiced is correct.

However, in the case at bar the court in which the conviction and sentence was rendered had jurisdiction of the accused and of the subject matter, and the punishment imposed was prescribed by law for either of the offenses mentioned in the indictment and judgment. This mere error or irregularity does not render the judgment void, and could only have been taken advantage of by writ of error. It may not be relied upon in this a collateral proceeding. *Harmon* v. *Smyth*, 183 Va. 414, 32 S. E. (2d) 665; *Hobson* v. *Youell*, 177 Va. 906, 15 S. E. (2d) 76; *Commonwealth* v. *Beavers, supra; Anderson* v. *McClintic*, 115 W. Va. 329, 175

S. E. 857; 24 C. J. S., "Criminal Law", sec. 1961, p. 1156; 15 Am. Jur., "Criminal Law", sec. 504, p. 154, and 25 Am. Jur., "Habitual Criminals," sec. 14, p. 266.

Upon conviction and sentence of accused on July 15, 1947, for his third offense, immediately upon his entry into the penitentiary he started serving the balance of his unexpired second term. That this is true has been made certain by the decision of *Hudson* v. *Youell*, 179 Va. 442, 19 S. E. (2d) 705, where it is said at p. 451:

"The general rule in Virginia, both before we had a statute on the subject and since, is that sentences run consecutively and not concurrently."

Not having ordered concurrent service of the third term with the unexpired portion of the second term as might have been done by the court under sec. 4786 of the Code, it logically follows that the entire term previously imposed must be wholly served before accused begins service of the later third term. The mere escape of the accused could not break this sequence of service of successive terms. See *McDorman* v. *Smyth*, 187 Va. 522, 47 S. E. (2d) 441, and *McDorman* v. *Smyth*, 188 Va. 474, 50 S. E. (2d) 423.

However, it is equally true that when convicted for the third offense, the entry of accused into the penitentiary was through and as a result of that judgment and sentence.

The status of accused relative to his re-entry into the penitentiary and service of his sentences being established, the question presented is can he be punished as a third offender.

Section 5054 first appeared in the Revised Code of 1919. It is a consolidation and outgrowth of sections 3905 and 3906 of the Code of 1887, as amended by Acts, 1916, pp. 34, 35, and section 4180 and other cognate sections of that Code, all of which dealt with the punishment of habitual criminals. The three sections mentioned, *i. e.*, secs. 3905, 3906, and 4180, read as follows: ·

"Sec. 3905. When person sentenced to confinement in penitentiary has been once before sentenced to like punish-

ment, what to be added to his sentence.—When any person is convicted of an offense, and sentenced to confinement therefor in the penitentiary, and it is alleged in the indictment on which he is convicted, and admitted, or by the jury found, that he had been before sentenced in the United States to a like punishment, he shall be sentenced to be confined five years, in addition to the time to which he is or would be otherwise sentenced."

"Sec. 3906. When so sentenced twice before, how to be sentenced.—When any such convict shall have been twice before sentenced in the United States to confinement in the penitentiary, he shall be sentenced to be confined in the penitentiary for life."

"Sec. 4180. When a convict has been before sentenced to peniteniary, has not been sentenced to additional term or confinement, what Superintendent to do.—When a person convicted of an offence, and sentenced to confinement therefore in the penitentiary, is received therein, if he was before sentenced to a like punishment, and the record of his conviction does not show that he has been sentenced under section thirty-nine hundred and five or thirty-nine hundred and six, the Superintendent of the Penitentiary shall give information thereof, without delay, to the said circuit court of the City of Richmond, whether it be alleged or not in the indictment on which he was so convicted, that he had been before sentenced to a like punishment."

These three sections as they appeared prior to 1919 and section 5054 as it now reads are highly penal. Such acts must be strictly construed against the Commonwealth. Their penal operation may not be extended to any case not clearly within their terms. *Wright* v. *Commonwealth*, 109 Va. 847, 65 S. E. 19; *Young* v. *Commonwealth*, 155 Va. 1152, 156 S. E. 565; *Campbell* v. *Commonwealth*, 176 Va. 564, 11 S. E. (2d) 577; 50 Am. Jur., "Statutes", sec. 407, p. 430, *et seq*; 25 Am. Jur., "Habitual Criminals", sec. 2, p. 260, and 24 C. J. S., "Criminal Law", sec. 1959a, p. 1144.

Yet the construction should not be so narrow as to thwart the obvious legislative intent.

Therefore, in our opinion the final and ultimate effect of the rule of construction applicable to an act of this character is that if the language admits of two *reasonable* but contradictory constructions, that resulting favorably to the accused should be applied. But, if that favorable result be attained only by an interpretation so narrow as to be unreasonable, it must be rejected.

The underlying and paramount purposes of the statute are to protect society against habitual criminals and to impose further punishment against that particular class of offenders.

In our opinion, the necessary facts to convict accused as a second offender are that he must first have been sentenced to the penitentiary and thereafter committed a second penitentiary offense and been sentenced therefor. To punish him as a third offender, as is the case at bar, it must be shown that accused, having once been sentenced to the penitentiary, thereafter committed a crime for which a second conviction and penitentiary sentence was imposed, and subsequent to the commission and imposition of sentence for the second offense, he committed a third offense for which he has been convicted and sentenced to the penitentiary. Upon his receipt and entry into the penitentiary under this third conviction, he meets all the intended requirements of the statute. He has, in sequence, committed three crimes and been convicted each time and sentenced to the penitentiary for three separate offenses. In every instance, each subsequent offense, conviction and sentence therefor followed in sequence the commission, conviction and sentence for the prior offense.

To hinge his liability for conviction solely upon whether immediately after entry into the penitentiary he is actually serving the remainder of his second term, the service of which he postponed by his wrongful escape, or serving his third term, would allow him to commit any number of crimes while an escapee and fugitive from justice and evade punishment as a recidivist, merely because he had to serve

first the balance of the term remaining unserved on the prior conviction. He would thus profit by his own criminal conduct.

The unreasonableness and actual absurdity of such narrow construction of the statute is made evident if we stop to consider the fact that if accused had been twice convicted in another State or in a court of the United States and escaped from the penitentiary of such other State or of the United States while serving his second term and then committed a third crime in Virginia and received a penitentiary sentence from a Virginia court, he could be punished as a third offender. In that instance, it is obvious that when received at the Virginia penitentiary and upon entry thereof he would have been then twice previously "sentenced to a like punishment in the United States prior to the sentence he is then serving * * *" in the Virginia penitentiary.

It is likewise apparent that had the judge of the Corporation Court of the city of Newport News directed that the three year sentence imposed on July 15, 1947, run concurrently with the balance of the unexpired term remaining to be served on the second conviction, upon accused's entry into the penitentiary, he would be serving the unexpired portion of his second sentence and also the three year sentence imposed for his third conviction and would be clearly subject to this punishment as a third offender.

Yet if the strained and narrow interpretation contended for by accused be applied, his present conviction as a recidivist cannot be sustained simply because his escape was from the Virginia penitentiary, and upon his return thereto under his third conviction, the court did not order that sentence to be served concurrently with the balance of his second sentence.

We are unwilling to give to the statute such an unreasonable and vacillating effect.

The judgment of the lower court is affirmed.

*Affirmed.*

BUCHANAN, J., dissenting.

The opinion of the court rightly holds that section 5054 is a highly penal statute; that it must be strictly construed against the Commonwealth, and that its operation may not be extended to any case not clearly within its terms. It "may not be extended by construction to cases not clearly within the language employed," as stated in *Wright* v. *Commonwealth* and repeated in other cases and authorities cited in the opinion.

But the result reached does, in my opinion, extend the statute by construction. The statute says that when the convict is received into the penitentiary and "has been sentenced to a like punishment in the United States prior to the sentence he is then serving," he becomes amenable to the additional punishment prescribed by the statute. It has been made certain, says the opinion, that when he was convicted and sentenced in 1947 for his third offense, "immediately upon his entry into the penitentiary he started serving the balance of his unexpired second term," that is, the 1946 term. There had been only one conviction prior to that—the 1943 conviction. Necessarily, then, when the defendant was convicted and sentenced to ten years as a recidivist, he had been convicted only one time prior to the sentence he was "then serving". In that case, his additional sentence was limited by the statute to five years.

By the express wording of the statute, the only sentence that affords a basis for additional punishment is one that has been pronounced "prior to the sentence he is then serving." If the legislature intended to say something else, the correction should be made by it. It would have been better if the statute had been worded so as to permit what has been done. It may be conceded that it ought not to be the way it is and that a different result would follow if the facts were different. But we must apply the statute as written to the facts as they are.

The facts are that this defendant had been sentenced only

one time prior to the 1946 sentence which he was "then serving". In that case the statute says the court may sentence him to further confinement for a period of not more than five years. To get from the statute authority to sentence him to ten years involves a re-wording of the statute rather than a construction of it.

SPRATLEY and STAPLES, JJ., concur in this dissent.