COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and Humphreys
Argued at Alexandria, Virginia


HENRY G. PERRY, S/K/A
 HENRY GARFIELD PERRY BEY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2409-00-4         JUDGE ROSEMARIE ANNUNZIATA
                                          JANUARY 15, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   William T. Newman, Jr., Judge

          Matthew T. Foley for appellant.

          Paul C. Galanides, Assistant Attorney General
          (Randolph A. Beales, Acting Attorney General;
          Leah A. Darron, Assistant Attorney General,
          on brief), for appellee.


     Henry Garfield Perry Bey appeals his conviction of possession

of a firearm by a convicted felon.  He alleges that the trial

court erroneously:  (1) refused to exclude evidence not properly

disclosed to him; and (2) refused to grant a mistrial where the

jury heard evidence of similar crimes without a cautionary

instruction.  For the reasons that follow, we affirm his

conviction.

     A.  Exclusion of Evidence in Violation of Discovery Order

     Bey contends that the trial court erred by allowing the

Commonwealth to introduce into evidence an inculpatory statement

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

that was disclosed the morning of trial.  We hold that Bey waived this objection.

"[W]here an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection, and we cannot reverse for alleged error."  Hubbard v. Commonwealth, 243 Va. 1, 9, 413 S.E.2d 875, 879 (1992); see also Bynum v. Commonwealth, 28 Va. App. 451, 459, 506 S.E.2d 30, 34 (1998).  The record, viewed in the light most favorable to the Commonwealth, see Winckler v. Commonwealth, 32 Va. App. 836, 844, 531 S.E.2d 45, 49 (2000), makes evident that Bey, after objecting to the admission of his statement that he committed the crime with a .32 caliber gun, asked Detective Carrig on cross-examination, "[W]hat caliber gun is that?  Carrig responded, "[I]t is a silver . . . .32 caliber revolver."[1]  Later, Bey again asked, "What caliber gun is it?" and Carrig responded, "[I]t appears to me to be, from the picture, a .32."  Because Bey elicited the same evidence that he claims should have been excluded, we will not consider his objection on appeal.

## B.  Motion for Mistrial

Bey appeals the trial court's denial of his motion for a mistrial on the ground that Detective Carrig's testimony on redirect examination referring to Bey as "involved in a series of

---

[1] As the parties are familiar with the record, we state only those facts necessary to an understanding of this opinion.

-

robberies in Northern Virginia," prejudiced his defense.  The

Commonwealth contends that Bey's motion was untimely and that Bey

invited the alleged error.  We agree.

Although Bey promptly objected to this testimony, he did not

move for a mistrial until the prosecutor asked several more

questions.  Hence, Bey failed to make "the motion [for a mistrial]

when the objectionable words were spoken."  Yeatts v.

Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991)

(internal quotations and citations omitted); accord Bennett v.

Commonwealth, 29 Va. App. 261, 281, 511 S.E.2d 439, 448-49 (1999).

As a result, his motion was untimely, and the trial court's denial

was not error.

Moreover, the court's denial was proper because Bey invited

the alleged error.  See Luck v. Commonwealth, 30 Va. App. 36, 46,

515 S.E.2d 325, 329 (1999) (defendant may not invite error and

take advantage of that error).  The record shows that before

Carrig referred to Bey as "involved in a series of robberies in

Northern Virginia," Bey, during his cross-examination of

Detective Carrig, elicited testimony regarding a robbery he

committed in Fairfax County.  Bey thus "opened the door" to the

trial court's admission of evidence of other crimes and failed to

show that Detective Carrig's subsequent statement on redirect

examination required the trial court to grant a mistrial.  See

Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792

(1979) ("The defendant, having agreed upon the action taken by the

-

trial court, should not be allowed to assume an inconsistent position."); Commonwealth v. Beavers, 150 Va. 33, 142 S.E. 402 (1928) (noting that defendant may not assume inconsistent positions at the trial or appellate level); Luck, 30 Va. App. at 46, 515 S.E.2d at 329 (holding that a criminal defendant may not "approbate and reprobate -- . . . invite error . . . and then to take advantage of the situation created by his own wrong" (internal quotation omitted)). We thus conclude that the court did not abuse its discretion in denying Bey's motions for a mistrial. See Bunch v. Commonwealth, 225 Va. 423, 438, 304 S.E.2d 271, 279-80 (1983) (holding that where a defendant opens the door to a subject by soliciting testimony, the scope of examination on that subject is within the trial court's sound discretion).

Finally, Bey complains on appeal that the judge did not instruct the jury to disregard this portion of the witness' testimony. Because Bey did not request such an instruction, he cannot now raise the issue. See Clanton v. Commonwealth, 223 Va. 41, 54, 286 S.E.2d 172, 179 (1982) (holding that it is defense counsel's duty to move for a cautionary instruction where such an instruction is deemed necessary).

For the reasons stated, we affirm Bey's conviction.

Affirmed.

-