COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges O'Brien and AtLee
Argued at Richmond, Virginia

BRENT EDWARD TANNER

                                                          OPINION BY
v.        Record No. 1706-18-2          CHIEF JUDGE MARLA GRAFF DECKER
                                                          MAY 5, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
B. Elliott Bondurant, Judge

Richard G. Collins (Collins & Hyman, P.L.C., on brief), for
appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Brent Edward Tanner appeals his conviction for felony obstruction of justice in violation

of Code § 18.2-460(C).  He asserts that the trial court erred by finding that the evidence was

sufficient to establish venue.  He also contends that his interference with a prosecution for

attempted arson was not a crime covered by the felony portion of the obstruction statute.  We

hold that the evidence supports a finding that venue was proper.  We further conclude that the

appellant's obstructive behavior with regard to his trial for attempted arson is proscribed by Code

§ 18.2-460(C).  Consequently, we affirm the challenged conviction.

I.  BACKGROUND[1]

On March 26, 2018, Deputy C. Grant of the Charles City County Sheriff's Office

responded to a 911 call.  The call took him to a residence in the county shared by the appellant

_____

[1] On review of a criminal conviction, an appellate court considers the evidence in the
light most favorable to the Commonwealth.  Bonner v. Commonwealth, 62 Va. App. 206, 211
(2013) (en banc).

and his longtime girlfriend, Sandra Dickerson. Upon arriving, the deputy found the appellant fighting with another man, Timothy English. The appellant smelled of alcohol and gasoline. Grant found a gasoline can near the residence and noticed wet spots that smelled like gasoline on and around the outside of the house. After taking statements from Dickerson and the appellant, the deputy arrested him for attempted arson.

About six weeks later, the appellant called Dickerson from the Riverside Regional Jail. In the ensuing conversation, which was recorded by jail personnel, the appellant told her "not to show up" for court and that "he didn't want [her] to come."

The appellant was subsequently indicted in Charles City County for attempted arson. He was also indicted for felony obstruction of justice based on the telephone call he made to Dickerson from jail. The obstruction indictment, in pertinent part, charged that the appellant, "by threats of bodily harm or force[,] knowingly attempt[ed] to intimidate or impede a witness lawfully engaged in her duty, or to obstruct or impede the administration of justice in any court relating to a violation of a violent felony offense (attempted arson)."

At the appellant's trial, the Commonwealth presented testimony from Deputy Grant, Dickerson, and English about the appellant's attempted arson and obstruction of justice. Dickerson explained that on the day of the altercation, the appellant repeatedly threatened to burn her and the house "to the ground." She further related that he threw gasoline toward her and the house and "flicked" his lighter. Dickerson confirmed that the appellant called her from jail following his arrest and told her "not to show up" for court. Additionally, the Commonwealth played the jail's recording of the telephone conversation. That recording confirmed Dickerson's testimony that the appellant told her not to "come to court." It also contained his statement that if she did appear in court, it would "affect" her, her son, and her "whole family" and that she would not "wanna know [him] when [he got] out."

The appellant testified in his own behalf. He conceded, among other things, that he telephoned Dickerson from jail and asked her not to come to court. He claimed, though, that he did so as part of a request to her to "stop lying" about what happened.

At the close of the Commonwealth's evidence and again at the close of all the evidence, the appellant made a motion to strike the obstruction of justice charge on two grounds. He claimed that the Commonwealth failed to prove venue. He also argued that the obstruction statute under which he was charged did not proscribe interference with attempt crimes, in his case attempted arson. The court denied the motions.

The trial court convicted the appellant of attempted arson and obstruction of justice but suspended all of the five-year sentence for obstruction.

## II. ANALYSIS

The appellant asserts that the Commonwealth failed to establish venue for the obstruction offense. He also contends that his interference with the Commonwealth's effort to prosecute him for an attempt crime was not an offense punishable as felony obstruction under Code § 18.2-460(C).

## A. Venue

The appellant argues that the circuit court erred by concluding that the evidence proved that venue was proper in Charles City County.

Our review is guided by well-established principles. "A crime must generally be tried where it occurred," a concept referred to as venue. Gerald v. Commonwealth, 295 Va. 469, 482 (2018) (quoting Garza v. Commonwealth, 228 Va. 559, 566 (1984)). More precisely, venue is "the territorial jurisdiction authorizing the court to adjudicate among the parties at a particular place." Porter v. Commonwealth, 276 Va. 203, 230 (2008). The primary purpose of statutory venue provisions is to "protect criminal defendants from the inconvenience and prejudice of

- 3 -

prosecution in a far-flung district bearing no connection to their offenses." United States v. Smith, 452 F.3d 323, 334 (4th Cir. 2006).

In a criminal trial, the Commonwealth bears the burden of proving venue. Williams v. Commonwealth, 289 Va. 326, 332 (2015). To do so, it must produce evidence sufficient to give rise to "a 'strong presumption' that the offense was committed within the territorial jurisdiction of the court." Id. (quoting Harding v. Commonwealth, 132 Va. 543, 548 (1922)); see also Gheorghiu v. Commonwealth, 280 Va. 678, 689 (2010) (recognizing that venue is not a substantive element of a crime and need not be proved beyond a reasonable doubt). When an appellate court reviews a challenge to proof of venue, it considers whether the evidence, viewed "in the light most favorable to the Commonwealth," is sufficient to support the trial court's venue finding. Bonner v. Commonwealth, 62 Va. App. 206, 211 (2013) (*en banc*) (quoting Taylor v. Commonwealth, 58 Va. App. 185, 190 (2011)).

Virginia's venue statute directs that, in the absence of a special statute providing otherwise, "the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244(A). Venue "will generally be proper wherever any element of the offense occur[ed]." Bonner, 62 Va. App. at 211. Therefore, application of the statute "requires an examination of the elements of [the charged] crime." McGuire v. Commonwealth, 68 Va. App. 736, 741 (2018).

Additionally, however, "venue is proper in the jurisdiction where the direct and immediate result" of the illegal act occurred. Kelso v. Commonwealth, 282 Va. 134, 138 (2011). A person may be charged in the place where his actions cause harm, regardless of whether he is present in that jurisdiction when he commits the act that triggers the harm. Spiker v. Commonwealth, 58 Va. App. 466, 471 (2011) (citing Jaynes v. Commonwealth, 276 Va. 443, 452 (2008)).

Here, the offense at issue was obstruction of justice in violation of Code § 18.2-460(C). The indictment charged the appellant with "knowingly attempt[ing] to intimidate or impede a witness lawfully engaged in her duty, or to obstruct or impede the administration of justice in any court relating to a violation of a violent felony offense (attempted arson)." Thus, the indictment alternatively charged both means by which Code § 18.2-460(C) may be violated.[2]

The record contains no proof that either the appellant or Dickerson, the witness he threatened, was in Charles City County when the threatening telephone call took place.[3] Accordingly, the Court must evaluate whether the evidence shows that the "direct and immediate result" of the threatening act to impede the administration of justice occurred in Charles City County, the location of the criminal trial. See Kelso, 282 Va. at 137-39 (holding that venue for the crime of causing a juvenile to assist in the distribution of marijuana was proper in the county in which the distribution occurred even though the defendant gave the contraband to the juvenile in a different county).

When the crime of obstruction of justice is charged under the second clause of the statute, "knowingly attempt[ing] . . . to obstruct or impede the administration of justice in any court," a court considering the charge may reasonably conclude that the "direct and immediate result" occurred where the judicial process was affected. See Code § 18.2-460(C); Kelso, 282 Va. at 138. Here, the court in which the appellant stood charged was in Charles City County, where the

---

[2] Code § 18.2-460(C) provides in pertinent part that a person is guilty of a Class 5 felony if he "by threats of bodily harm or force knowingly attempts [1] to intimidate or impede a . . . witness . . . lawfully engaged in the discharge of his duty[] or [2] to obstruct or impede the administration of justice in any court relating to" any of a variety of felony crimes specifically enumerated or incorporated by reference. See Washington v. Commonwealth, 273 Va. 619, 628 (2007) (holding that under either method of proving felony obstruction, the prosecution must establish that the obstruction related to one of the specified felony offenses).

[3] The record indicates that the appellant placed the call from the Riverside Regional Jail, but nothing in the record establishes that the jail was located in Charles City County. Additionally, no evidence proved where Dickerson was at the time of the threat.

attempted arson occurred. Because the appellant interfered with a witness whose testimony was relevant for the trial of the arson charge pending in a court in that jurisdiction, his crime of obstruction caused a direct and immediate result there—interference with the justice system in that jurisdiction. Cf. McGuire, 68 Va. App. at 743-44 (noting for venue purposes that the harm of the crime of filing a false police report occurred in the jurisdiction in which the false report was made in part because law enforcement there "spent time and resources" investigating the report). See generally Smith, 452 F.3d at 334 (noting venue's purpose of requiring a "connection" between the defendant's crime and the jurisdiction in which he is prosecuted to avoid "inconvenience and prejudice").

The appellant contends that no harm was proved to have occurred in Charles City County because Dickerson appeared and testified against him at trial. He argues that venue consequently was proper only where he or Dickerson was located at the time of his telephone call attempting to dissuade her from testifying. The crime at issue, however, was complete upon the appellant's *attempt* to intimidate the witness in an effort to obstruct or impede the administration of justice in the circuit court. See Code § 18.2-460(C) (proscribing, in relevant part, "knowingly *attempt[ing]* . . . to obstruct or impede the administration of justice in any court" (emphasis added)). As a result, the harm occurred in Charles City County, the jurisdiction in which the Commonwealth charged the appellant with the underlying crime (attempted arson), and the same jurisdiction in which the appellant attempted to prevent Dickerson from appearing in court and testifying against him. The fact that the appellant did not succeed in deterring Dickerson from testifying in Charles City County is of no import. See id.[4]

---

[4] Case authority interpreting a federal obstruction statute supports this outcome. See United States v. Kibler, 667 F.2d 452, 454-55 (4th Cir. 1982) (recognizing venue for "'endeavor[ing]'" to obstruct justice in violation of 18 U.S.C. § 1503 in "the district where the judicial proceeding . . . [was] pending," based on the statutory text and legislative history), cited

Accordingly, the record supports the trial court's finding that venue was proper in Charles City County.[5]

### B. Attempted Arson as a Violent Felony Offense for Purposes of Felony Obstruction

The appellant contends that the felony obstruction of justice statute proscribes obstructive acts designed to interfere with a prosecution for the offense of arson or *conspiracy* to commit arson but does not cover obstruction related to an *attempt* to commit arson.

The felony provision of Code § 18.2-460, the obstruction of justice statute at issue in this case, provides in pertinent part as follows:

> If any person by threats of bodily harm or force knowingly attempts . . . to obstruct or impede the administration of justice in any court . . . relating to the violation of or conspiracy to violate any violent felony offense listed in subsection C of § 17.1-805, he is guilty of a Class 5 felony.

Code § 18.2-460(C).[6]

The "scope and application of the statute under which [an appellant] was convicted" is a question of law that the appellate court reviews *de novo*. See Blake v. Commonwealth, 288 Va.

---

in United States v. Bowens, 224 F.3d 302, 311-13 (4th Cir. 2000) (following a statutory amendment and instruction from the United States Supreme Court, narrowing Kibler to exclude legislative intent but continuing to recognize the pre-amendment language of the obstruction statute as permitting venue "where the effects . . . [were] felt" because "an essential conduct element" of the crime was "defined in terms of its effects"); see also United States v. Allen, 24 F.3d 1180, 1183 (10th Cir. 1994) (recognizing amendment of the statutory scheme to expressly permit prosecution under 18 U.S.C. § 1503 in "either the district of the affected proceeding or . . . the district where the obstruction actually took place"); id. (noting that prior to the statutory amendment, "most circuits" had held that violations of 18 U.S.C. § 1503 could be prosecuted "in the district where the 'affected' prosecution was proceeding").

[5] In light of our holding, we need not consider whether venue would have been proper in Charles City County under the first clause of Code § 18.2-460(C), indicted here as "knowingly attempt[ing] to intimidate or impede a witness lawfully engaged in her duty."

[6] Whether the Commonwealth was required to prove "threats of bodily harm or force" in order to sustain a conviction under the second method of violating the statute, "obstruct[ing] or imped[ing] the administration of justice in any court," is not at issue in this appeal.

375, 381 (2014). Under settled principles of statutory construction, "we look to the plain meaning of the words contained in a statute to determine the General Assembly's intent." Banks v. Commonwealth, 67 Va. App. 273, 282 (2017); see Jones v. Commonwealth, 296 Va. 412, 415 (2018). "[C]ourts 'are required to ascertain and give effect to the intention of the legislature, which is usually self-evident from the statutory language.'" Armstead v. Commonwealth, 55 Va. App. 354, 360 (2009) (quoting Johnson v. Commonwealth, 53 Va. App. 608, 612 (2009)). "Consistent with this standard, '[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.'" Banks, 67 Va. App. at 282 (quoting Meeks v. Commonwealth, 274 Va. 798, 802 (2007) (alteration in original)).

If the statute is clear on its face, we rely on the plain words, and no interpretation is necessary. Holsapple v. Commonwealth, 266 Va. 593, 598 (2003). Only when the statute is ambiguous does the Court look further. See Blake, 288 Va. at 383. A statute is ambiguous if, among other things, "the text can be understood in more than one way or [inconsistently] refers to two or more things simultaneously." Id. at 381 (quoting Boynton v. Kilgore, 271 Va. 220, 227 n.8 (2006) (internal quotation marks omitted)).

An analysis of the assignment of error in this case requires an examination of how three different statutes—to which this opinion refers as the arson statute, the obstruction statute, and the violent felony statute—relate to each other. We look to these statutes to determine what crimes are encompassed in the obstruction statute itself.

The first statute, the arson statute, proscribes the malicious burning of a dwelling house. See Code § 18.2-77(A). The appellant was charged with attempted arson under this statute, in conjunction with Code § 18.2-26, which proscribes attempts to commit noncapital felonies.

The second statute, the obstruction statute, quoted more fully above, proscribes attempts to obstruct the prosecution of numerous types of offenses. See Code § 18.2-460(C). The

specified offenses in the obstruction statute include those "relating to the violation of or conspiracy to violate any violent felony offense listed in . . . [Code] § 17.1-805[(C)]." Id.

The third statute, Code § 17.1-805(C), the violent felony statute, provides in relevant part that violent felony offenses include not only "any felony violation of" a variety of statutes, including the arson statute, but also "any conspiracy or attempt to commit any offense specified in this subsection." Consequently, Code § 17.1-805(C) clearly includes attempted arson in its list of violent felony offenses.

The dispute in this appeal centers on how the obstruction statute and the violent felony statute interact with one another as they relate to attempted arson. More specifically, the question is whether attempted arson falls within the proscribed offenses in the felony obstruction statute. The interplay among the pertinent statutes is complex and requires a tiered approach to determine whether violent felony attempt crimes are included in felony obstruction. The intent of the legislature must be discerned from the interaction between Code §§ 18.2-460(C) and 17.1-805(C).

Relevant to our analysis is the principle that "when one statute adopts a provision of another statute by specific reference," the effect is the same "as if the adopting statute had itself spelled out the terms of the adopted provision." United States v. Myers, 553 F.3d 328, 331 (4th Cir. 2008) (citing Hassett v. Welch, 303 U.S. 303, 314 (1938)); see Rollins v. Town of Gordonsville, 216 Va. 25, 26 (1975) (per curiam) ("When one statute adopts another by specific reference, . . . those particular parts of the statute referred to are incorporated."). We conclude that the incorporation of Code § 17.1-805(C) without limitation into Code § 18.2-460(C) renders the scope of the crime of felony obstruction, as it relates to attempted violent felonies, ambiguous when viewed in conjunction with the rest of the language in that statute. The relevant portion of the obstruction statute specifically names only two broad categories of

offenses—violations of the violent felonies enumerated in Code § 17.1-805(C) and conspiracies to commit them.  The ambiguity arises because the incorporated list of violent felonies in Code § 17.1-805(C) includes three such categories—violations, conspiracies, *and attempts*. Consequently, because Code § 18.2-460(C) is ambiguous in this regard, we turn to Virginia's rules of statutory construction for guidance.

In considering the meaning of particular language in context, "[w]e adhere to rules of statutory construction that discourage any interpretation of a statute that would render any part of it useless, redundant or absurd.  Instead, we seek to read statutory language so as to give effect to every word."  Spratley v. Commonwealth, ___ Va. ___, ___ (Dec. 12, 2019) (quoting Owens v. DRS Auto. FantomWorks, Inc., 288 Va. 489, 497 (2014)).  However, "[w]here multiple sections of a statute are inconsistent or ambiguous when read together, courts 'are required to harmonize any ambiguity or inconsistency in the statute to give effect to the General Assembly's intent without usurping "the legislature's right to write statutes."'"  Blake, 288 Va. at 383 (quoting Parker v. Warren, 273 Va. 20, 24 (2007)).

An additional principle applicable in the criminal context is the rule of lenity, which requires that ambiguous penal statutes must be construed strictly against the Commonwealth.  Id. at 386.  Nevertheless, this principle is limited to circumstances in which "the language of the statute permits two '*reasonable* but contradictory constructions.'"  Id. (quoting Wesley v. Commonwealth, 190 Va. 268, 276 (1949)).  Where only one construction of a statute is reasonable, "a criminal defendant is not 'entitled to benefit from an "unreasonably restrictive interpretation of [it]."'"  Id. (quoting Holloman v. Commonwealth, 221 Va. 196, 198 (1980)).

We apply these principles to harmonize the relevant portions of the statutes at issue.  The obstruction statute specifically proscribes only "violation[s]" of the substantive crimes and "conspirac[ies]" to commit those crimes.  However, it also expressly incorporates "the violation

- 10 -

of . . . *any* violent felony offense" listed in Code § 17.1-805(C).  See Code § 18.2-460(C) (emphasis added).  "[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent."  Conger v. Barrett, 280 Va. 627, 630 (2010) (alteration in original) (quoting Turner v. Commonwealth, 226 Va. 456, 459 (1983)).  The more specific language of Code § 17.1-805(C), including its express reference to attempts to commit the violent felonies, evinces the legislature's intention to include attempt crimes in the offenses proscribed by Code § 18.2-460(C) through incorporation.  Cf. id. at 631 ("[W]hen two statutes . . . conflict, and one statute speaks to a subject generally and another deals with an element of that subject specifically, the more specific statute is controlling." (quoting Viking Enter. v. Cty. of Chesterfield, 277 Va. 104, 110 (2009) (internal quotation marks omitted))).  We must give "the provisions [of the statute] . . . a construction that will render it harmonious" with the purpose intended by the legislature "rather than one [that] will defeat it."  Esteban v. Commonwealth, 266 Va. 605, 609 (2003).

Accordingly, we construe the language in Code § 18.2-460(C) referring to "the violation of or conspiracy to violate any [incorporated] violent felony offense," without any reference to attempts (crimes that *are* clearly included in Code § 17.1-805(C)), as a simple redundancy with regard to the conspiracy language rather than an intentional exclusion of attempts.  The language in Code § 18.2-460(C) referencing violations and conspiracies to commit them does not affirmatively exclude attempt crimes.  In fact, by expressly incorporating "*any* violent felony offense" in Code § 17.1-805(C), the obstruction statute signals a legislative intent to bring with it the full range of offenses listed in that code section, including not only "any felony violation" of the arson statute but also "any conspiracy *or attempt*" to commit arson.  See Code § 17.1-805(C) (emphasis added); Code § 18.2-460(C) (emphasis added); cf. Blake, 288 Va. at 385 (stating that "[i]t would be the epitome of a 'strained' construction" to interpret a "statute [that] refers to [two

- 11 -

things] in the same sentence" as applying to one but not the other).  This interpretation gives effect to every word of the statute under what we determine is the only reasonable construction of it.  See Brown v. Commonwealth, 284 Va. 538, 542 (2012) (holding that the appellate court "will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed" in that statute (quoting Armstrong v. Commonwealth, 263 Va. 573, 581 (2002))).

Consequently, we conclude that the appellant's attempt to obstruct justice with regard to his pending attempted arson charge constituted felony obstruction in violation of Code § 18.2-460(C).

### III.  CONCLUSION

We hold that venue was proper in Charles City County, the jurisdiction of the court toward which the appellant directed his efforts to obstruct justice in violation of Code § 18.2-460(C).  Additionally, we conclude that the language of the obstruction statute, when considered in conjunction with the language of the statute that it incorporates by reference, Code § 17.1-805(C), reflects an intention by the legislature to proscribe attempt crimes.  Consequently, we affirm the challenged conviction.

Affirmed.