HARRIS, J.
Hitchcock was charged and convicted in Lake County of using a computer located in Duval County to communicate through another computer located in Lake County in an “attempt to seduce, solicit, lure, or entice, a child, or another person believed by the person to be a child” in violation of section 847.0135(3), Florida Statutes. He first argues that the venue was improper because the offense, if committed at all, was committed in Duval County. But the use of an online service to solicit requires that the request be sent to another. We agree with State v. Wise, 664 So.2d 1028, 1030 (Fla. 2d DCA 1995), that “When the deposit in the mail is made in one county and the communication is received in another county, the act of ‘sending’ occurs, for venue purposes, in more than one place.” We see no reason to treat e-mail any differently than U.S. mail for venue purposes.
Hitchcock next argues that in this circumstantial evidence case the State did not exclude his reasonable hypothesis of innocence. His theory of the case was that Ron, with whom he shared a house, knew the password to his computer and knew he used the name “Callegeboy.” Further, Ron was upset with him because Ron discovered that Hitchcock had an affair with Ron’s wife and decided to set Hitchcock up by making this assignation, planting incriminating evidence in the trunk of his car, and telling Hitchcock that a willing woman was waiting for him at a Wendy’s in Lake County. The State countered this theory by putting Ron on the stand to deny all of Hitchcock’s assertions. Hence, the State “introduced competent evidence which is inconsistent with the defendant’s theory of events.” Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Unfortunately for Hitchcock, the jury believed Ron.
After his arrest upon entering Wendy’s, the police impounded his vehicle and subsequently conducted an inventory search. We find no indication of bad faith in the record. The police determination that leaving the vehicle in the parking lot after the business closed would subject the vehicle to substantial risk justified the im-poundment. We, therefore, find the search lawful.
Finally, Hitchcock urges that the trial judge erred in refusing the jury’s request, during deliberation, for information relating to when Hitchcock said he left Jacksonville for Lake County, what time another witness said Hitchcock left, and when Hitchcock’s computer was used that *1145 morning. The purpose of the jury’s inquiry was apparently to see if Hitchcock’s computer was used — at a time when Hitchcock was unavailable — to inquire about hotel reservations near the rendezvous site. Although we recognize that the trial judge has considerable discretion in deciding whether to read back testimony, the court should give careful consideration to the request. Here the court rejected the request because it might open the door to a request by the State to read back other portions of the testimony and turn into a never-ending process. The court instructed the jury to rely on its collective memory of the testimony. Although under the facts of this case we believe the court should have granted the request, we are unable to find it an abuse of discretion and, even if it were, that it amounted to harmful error.
AFFIRMED.
ANTOON, C.J., and GRIFFIN, J., concur.