Present: Kinser, C.J., Lemons, Goodwyn, Millette and Mims, JJ., and Lacy and Koontz, S.JJ.

HARRY MURPHY KELSO

v.  Record No. 101866

COMMONWEALTH OF VIRGINIA

OPINION BY SENIOR JUSTICE
ELIZABETH B. LACY
JUNE 9, 2011

FROM THE COURT OF APPEALS OF VIRGINIA

The dispositive issue in this appeal is whether venue in Hanover County was proper for the prosecution and conviction of Harry Murphy Kelso for three counts of causing a juvenile to assist in the distribution of marijuana to a third party in violation of Code § 18.2-255(A)(ii).

BACKGROUND

The facts are not in dispute.  On three occasions in the spring of 2007, Hanover County Sheriff's deputies provided a confidential informant $500 for the purchase of marijuana.  On each occasion the confidential informant purchased marijuana from M.B. with the money provided by the deputies.  M.B. was seventeen years of age at the time the confidential informant made these purchases.

On the first occasion, the confidential informant met M.B. in Hanover County.  M.B. got into the informant's car and they traveled to Kelso's apartment in Henrico County.  The informant waited in his vehicle while M.B. entered Kelso's apartment and returned with the marijuana.  M.B. and the confidential

informant then traveled back to Hanover County where the transaction was consummated.  On the two subsequent occasions, the informant met M.B. in Hanover County, M.B. traveled alone to Henrico County to meet Kelso and obtain the marijuana, and then returned to Hanover County to complete the sale of marijuana to the confidential informant.  Hanover County Sheriff's deputies conducted surveillance of each transaction which included installing a camera and an audio listening device in the informant's vehicle and following M.B. and the informant during the transactions.

The evidence further established that Kelso also sold M.B. a quarter-pound of marijuana each week since April of 2007 and that he knew M.B. was seventeen or eighteen years of age.  M.B. testified that he began selling marijuana to friends and people he knew at Atlee High School in Hanover County, that he had smoked marijuana with Kelso and that between August 2006 and August 2007 he had purchased approximately fifteen pounds of marijuana from Kelso.  Occasionally, friends from high school would accompany M.B. to Kelso's apartment, however, Kelso would sell marijuana only to M.B., who in turn sold it to his friends.

Kelso was indicted by a multijurisdictional grand jury for three counts of violating Code § 18.2-255(A)(ii) and tried in

the Circuit Court of Hanover County.[1]  At the close of the

Commonwealth's evidence, Kelso argued that venue in Hanover

County was improper and the indictments should be dismissed

because there was no evidence that he was in Hanover County or

conducted any transaction involving the distribution of drugs in

that county.  The trial court disagreed, denied the motion to

dismiss and entered judgments of conviction on each of the three

counts.  The Court of Appeals affirmed Kelso's convictions,

Kelso v. Commonwealth, 57 Va. App. 30, 41, 698 S.E.2d 263, 268

(2010).

DISCUSSION

Kelso argues here, as he did in the Court of Appeals and

the trial court, that his indictments for violation of Code

§ 18.2-255(A)(ii) should be dismissed because the evidence

established that he did not undertake any action relating to the

sale of marijuana in Hanover County.  His distribution of

marijuana to M.B. occurred solely in Henrico County.  Because

the prosecution of a crime must be conducted "in the county or

city in which the offense was committed," Code § 19.2-244, Kelso

asserts that the indictments should have been dismissed and

subsequent convictions should be vacated.

---

[1] Kelso also was indicted and convicted of conspiracy to distribute more than five pounds of marijuana in violation of Code §§ 18.2-256 and 18.2-248.1.  That conviction is not the subject of this appeal.

3

Kelso correctly recites the general venue statute providing for prosecution of a crime in the county or city in which the crime was committed, except as otherwise provided by law. Code § 19.2-244. Application of this statute requires a determination of where a specific crime was "committed." This determination is straightforward when the crime is a discrete act. For example, the distribution of marijuana to a juvenile in violation of Code § 18.2-255(A)(i) is a discrete act which when completed constitutes the commission of the crime.[2] Moreno v. Baskerville, 249 Va. 16, 18-19, 452 S.E.2d 653, 655 (1995).

The crime at issue here is a violation of subsection (A)(ii) of Code § 18.2-255. That subsection makes it a crime for any person over the age of 18 to knowingly or intentionally cause a person under the age of 18 to assist in the distribution of marijuana. This crime involves a number of actions which must be taken by more than one person. To secure a conviction, the Commonwealth must prove that the defendant not only knowingly or intentionally performed an act which caused the juvenile to assist in the distribution of the contraband, but also that the juvenile assisted in the actual distribution of

_____

[2] Code § 18.2-255(A) provides in relevant part that

> [I]t shall be unlawful for any person who is at least 18 years of age to knowingly or intentionally (i) distribute any drug classified in Schedule I, II, III or IV or marijuana to any person under 18 years of age who is at least three years his junior.

4

the contraband to a third party.  If there is no distribution to a third party, there is no violation of Code § 18.2-255(A)(ii). Furthermore, the actions of the defendant and those of the juvenile who assists in the distribution of the contraband may not always be in the same jurisdiction.

We have addressed the issue of venue for prosecution of other crimes in which actions involving the commission of the crime occur in different places, in the absence of a special venue statute.[3]  In doing so, we have looked to the nature of the crime charged and the location of the acts constituting the crime.  For example, in considering the proper venue for the crime of embezzlement, we acknowledged that, although venue was generally appropriate in the jurisdiction in which the conversion was consummated, such venue was not exclusive and the crime also could be prosecuted in the jurisdiction in which the perpetrator formed the intent to appropriate the goods to his own use.  Rhodes v. Commonwealth, 145 Va. 893, 895, 134 S.E.

---

[3] Although the General Assembly has enacted a number of statutes providing special venue provisions for crimes which may involve acts performed in more than one jurisdiction, no such statute exists for a violation of Code § 18.2-255(A)(ii).  See e.g., Code § 18.2-198.1 (offenses relating to credit cards, such as theft, forgery, fraud, and unauthorized possession); Code § 18.2-186.3(D) (identity theft); Code § 18.2-178(B) (obtaining money or signatures by false pretenses); Code § 18.2-46.8 (terrorism offenses); Code § 18.2-46 (crimes by mobs); and Code § 18.2-212(B) (summoning ambulance or fire-fighting apparatus without just cause).

723, 724 (1926).[4]  Similarly, we held that venue is proper in the jurisdiction where the direct and immediate result of an illegal act occurred, even if the illegal act causing the injury occurred in another jurisdiction.  Gregory v. Commonwealth, 237 Va. 354, 355, 377 S.E.2d 405, 406 (1989).  See also United States v. Blecker, 657 F.2d 629, 632 (4th Cir. 1981) (when statute defining substantive offense does not indicate where the place of committing the crime is to be, the locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it.)

The nature of the crime at issue here is not that of a "continuing crime" as in the case of a larceny.  A larceny is deemed to be repeated every time the object of the theft is transported to another jurisdiction; thus the crime is "continuing" in nature and subject to prosecution in each venue.  Gheorghiu v. Commonwealth, 280 Va. 678, 685, 701 S.E.2d 407, 411 (2010).  In this case we are addressing a crime in which different elements of a single crime occur in different jurisdictions.  As discussed above, the crime consists of more than one act which must be performed by more than one person.  One of the acts which must occur for conviction of a violation of subsection (A)(ii) of Code § 18.2-255 is the juvenile's

_____

[4] The General Assembly codified this holding in 1960 when it amended the predecessor to Code § 19.2-245, former Code § 19.2-220.

6

assistance in the distribution of the contraband to a third party.  Under these circumstances, we hold that the place where that act occurred is an appropriate venue for prosecution.  The record in this case is clear that the juvenile distributed the marijuana he received from Kelso to a third party in Hanover County.  Therefore venue in Hanover County was proper in this case.

Kelso also assigned error to the Court of Appeals' holding that he had waived his challenge to the "territorial jurisdiction" of the trial court.  We need not address this issue in light of our holding on venue; however, we note that "territorial jurisdiction" and venue are synonymous and were used interchangeably in Porter v. Commonwealth, 276 Va. 203, 229-30, 661 S.E.2d 415, 427-28 (2008), when contrasting venue jurisdiction with subject matter jurisdiction.

Finally, Kelso argues that Code § 18.2-255(A)(ii) prohibits causing a person under 18 years of age to assist in the distribution of drugs to another juvenile.  Relying on this construction of the statute, Kelso argues that the record is silent with regard to the age of the confidential informant to whom M.B. sold the marijuana and, therefore, the evidence was insufficient to establish venue in Hanover County and to convict him of the substantive offenses.  The Court of Appeals declined to address this argument either as it relates to venue or

7

sufficiency of the evidence, finding that Kelso failed to make the argument in the trial court and therefore he did not preserve the issue for appeal. Rule 5A:18. Kelso asserts here that this holding was error.[5] We disagree with Kelso.

The record demonstrates that at no point in the trial did Kelso move to strike the evidence because it was insufficient to support the convictions. Similarly, Kelso's arguments at trial in support of his motion to dismiss for improper venue were based on his assertion that he did nothing in Hanover County. Thus, Kelso has not preserved this issue for appeal. Rule 5:25.

In summary, for the reasons stated above, we will affirm the judgment of the Court of Appeals.

<u>Affirmed</u>.

---

[5] Kelso did not assign error to the Court of Appeals' refusal to consider the issue through the application of the ends of justice provision of Rule 5A:18.