COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and Powell
Argued at Richmond, Virginia


GEORGE H. SPIKER, JR.
                                                              OPINION BY
v.        Record No. 0626-10-2                        JUDGE LARRY G. ELDER
                                                              JULY 5, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

        John R. Maus for appellant.

        Karen Misbach, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General; Office of the Attorney General,
        on brief), for appellee.


        George H. Spiker, Jr. (appellant), appeals from his jury trial convictions for five counts of

computer solicitation of a minor in violation of Code § 18.2-374.3.  On appeal, he contends only

that the trial court erroneously concluded venue was proper in Louisa County and does not

challenge the sufficiency of the evidence to support his convictions.[1]  Although this appears to

be an issue of first impression, we hold application of analogous principles to the language of the

statute compels the conclusion that venue does, in fact, lie in Louisa County.  Thus, we hold the

trial court did not err in denying appellant's challenge to venue, and we affirm his convictions.

_____

        [1] Appellant contends the trial court erroneously denied his motion to dismiss the charge,
his motion to strike, and his motion to set aside the verdict.  All three of these motions, and the
related assignments of error on which an appeal was granted by this Court, were based on
appellant's claim that venue did not lie in Louisa County.  On appeal, we consider these
assignments of error as one.

I.  BACKGROUND

On January 14, 2009, Detective Patrick Siewart of the Louisa County Sheriff's Office was working undercover on the internet, posing as a 13-year-old girl for the purpose of identifying "potential predators . . . trying to engage in sexual activity with actual children who may be on the internet."  On that date, a person with the screen name "Mustangman6567" initiated an "instant message" "text" conversation, via Yahoo's "internet chat service," with Siewart's undercover persona, a 13-year-old girl named Rebecca with the screen name of "BeccaBoo1209."  "Rebecca" identified herself to "Mustangman" as a 13-year-old girl who lived near Gum Springs in Louisa County.  The Mustangman screen name was later identified as belonging to appellant, who was 55 years old at the time.

Appellant contacted Detective Siewart, who was still posing as "Rebecca," in this manner several more times between January 21 and February 18, 2009.  On this last date, appellant suggested to Rebecca that they meet at a particular location in Gum Springs in Louisa County the next day, and he described the vehicle he would be driving.  The next day, Detective Siewart apprehended appellant at the pre-arranged location, recognizing him by the vehicle he had described and a webcam shot of his face he had transmitted during one of their online chats.  Appellant admitted he was the person who chatted online with "Rebecca."

Prior to trial, appellant made a motion in which he alleged, *inter alia*, that venue did not lie in Louisa County because the crime, "use of a communications system," was "complete while he was in Henrico."  The trial court denied the motion, observing that "the defendant can be physically located in one spot and the crime can be committed elsewhere" and that the venue statute does not say the crime occurs in the place "in which the person charged was located at the time the crime was committed."

At the conclusion of the Commonwealth's case-in-chief, appellant moved to strike, contending the Commonwealth had failed to establish that venue in Louisa County was proper because the offense of "using the computer system" occurred where appellant was located at the time, "in Henrico County." The trial court denied the motion, stating it "[did] not interpret [Code § 19.2-244] to require his physical presence." It further explained, "The court believes that because the communication system is going into Louisa County, because the target of the solicitation is in Louisa County, . . . the offense is being committed in Louisa County." Appellant presented no evidence, and after the jury returned a guilty verdict, he moved to set aside, arguing "the venue issue we spoke about before." The trial court denied the motion.

Following preparation of a presentence report, the trial court sentenced appellant to twenty years for each offense, for a total of one hundred years, with no time suspended.

## II. ANALYSIS

Appellant was convicted for five counts of violating Code § 18.2-374.3, "Use of communications systems to facilitate certain offenses involving children." Appellant, averring that determining venue for a prosecution under Code § 18.2-374.3 is a question of first impression, contends the offense was committed only in Henrico County, the location from which he sent the instant electronic messages, and not in Louisa County, the location in which the messages were received. We disagree and hold venue was proper in Louisa County, as well.

"When venue is challenged on appeal, we must determine 'whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings.'" Morris v. Commonwealth, 51 Va. App. 459, 464-65, 658 S.E.2d 708, 710-11 (2008) (quoting Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990)). To prove venue, the Commonwealth must "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court, and this may be

accomplished by either direct or circumstantial evidence." Cheng, 240 Va. at 36, 393 S.E.2d at 604 (quoting Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980)).

Because Code § 18.2-374.3 does not contain its own venue provision, Virginia's "general" venue statute applies: "Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which *the offense* was committed." Code § 19.2-244 (emphasis added); see Kelso v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (June 9, 2011), slip op. at 5-6 (applying Code § 19.2-244 to the crime of causing a juvenile to assist in the distribution of marijuana to a third party, which "involves a number of actions" or elements that "may not . . . [occur] in the same jurisdiction" and noting venue for such an offense may be proper in more than one jurisdiction). Thus, we must look to the language of Code §§ 18.2-374.3(A) and -374.3(C) to determine what constitutes "the offense." We determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result. E.g., Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313-14 (2006). Code § 18.2-374.3(C) provides in relevant part as follows:

> C. It shall be unlawful for any person 18 years of age or older to use a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child less than 15 years of age to knowingly and intentionally[, *inter alia*, expose his genitals or propose that he or the child engage in any of the various other listed sexual exposures, touchings or other acts].

The code section further defines "us[ing] a communication system" to "mean[] making personal contact or direct contact through any agent or agency, any print medium, the United States mail, any common carrier or communication common carrier, any electronic communications system, the Internet, or any telecommunications, wire, computer network, or radio communications system." Code § 18.2-374.3(A). Thus, the statute, by its plain terms, does not proscribe the

- 4 -

mere act of *sending* a communication such as an instant message or e-mail; it requires, in addition, that the perpetrator, by means of that communication, "*mak*[*es*] *personal . . . or direct contact*" with "any person he knows or has reason to believe is a child less than 15 years of age." Code § 18.2-374.3(A) (emphasis added). The offenses, therefore, were not complete until the undercover police officer, masquerading online as 13-year-old Rebecca, received appellant's "personal . . . or direct contact." Because the evidence in the record establishes that this receipt occurred in Louisa County, venue was proper there.

The Supreme Court reached a similar conclusion in Jaynes v. Commonwealth, 276 Va. 443, 666 S.E.2d 303 (2008), decided under the Virginia Computer Crimes Act, Code §§ 18.2-152.1 through -152.15. Addressing the jurisdiction of Virginia's courts to punish a prohibited communication that originated outside the Commonwealth, the Court observed its prior holding that "'[i]t has long been a commonplace of criminal liability that a person may be charged in the place where the evil results, though he is beyond the jurisdiction when he starts the train of events of which the evil is the fruit.'" Id. at 452, 666 S.E.2d at 307 (quoting Travelers Health Ass'n v. Commonwealth, 188 Va. 877, 892, 51 S.E.2d 263, 269 (1949)) (referring to this jurisdictional principle as "the immediate result doctrine"); see also Goble v. Commonwealth, 57 Va. App. 137, 148-52, 698 S.E.2d 931, 936-38 (2010) (applying Jaynes to conclude Virginia had jurisdiction to prosecute a crime arising out of an eBay sale). More recently, in Kelso v. Commonwealth, the Court expressly applied these principles to a venue determination. ___ Va. at ___, ___ S.E.2d at ___ (citing Gregory v. Commonwealth, 237 Va. 354, 355, 377 S.E.2d 405, 406 (1989)).

Similarly here, appellant chose to communicate online with the undercover officer posing as 13-year-old "Rebecca," and the victim actually received appellant's communications—a

critical portion of the offense proscribed by Code § 18.2-374.3(A)—while in Louisa County, thereby supporting the conclusion that venue for appellant's prosecution was proper there.

Other jurisdictions have reached similar results with respect to venue for crimes involving use of the United States mail and internet communications. In Hitchcock v. State, 746 So. 2d 1143 (Fla. Dist. Ct. App. 1999), for example, the Florida District Court of Appeal upheld a defendant's conviction in Lake County for "using a computer located in Duval County to communicate through another computer located in Lake County in an 'attempt to seduce, solicit, lure, or entice a child, or another person believed by the [accused] to be a child' in violation of [Florida law]." 746 So. 2d at 1144 (quoting Fla. Stat. § 847.0135(3)). In response to the defendant's argument that "venue was improper because the offense, if committed at all, was committed in Duval County," the Court held that the Florida statute proscribing "the use of an online service to solicit requires that the request be sent to another." Id. It relied on an earlier Florida case involving the United States mail, holding that "'[w]hen the deposit in the mail is made in one county and the communication is received in another county, the act of "sending" occurs, for venue purposes, in more than one place.'" Id. (quoting State v. Wise, 664 So. 2d 1028, 1030 (Fla. Dist. Ct. App. 1995)). Florida's District Court of Appeal, "see[ing] no reason to treat e-mail any differently than U.S. mail for venue purposes," rejected the defendant's venue challenge. Id,; see also Laughner v. State, 769 N.E.2d 1147, 1153, 1157 (Ind. Ct. App. 2002) (for the statutory crime of solicitation of a minor, which provided a heightened penalty if committed using a computer network, holding venue was proper both in the county from which the defendant sent the message and in the county in which the victim *received* it because the defendant "took . . . 'action directed at' the second county").

The Court of Appeals of Minnesota reached a similar conclusion in State v. Pierce, 792 N.W.2d 83 (Minn. Ct. App. 2010), which involved a domestic dispute. Pierce contacted his

former girlfriend by e-mail, in violation of a protective order prohibiting him from contacting her in any way, including by letter, e-mail or other electronic means. Id. at 84-85. Pierce, like appellant, contended venue was proper only in the county from which he sent the e-mail. Id. at 85-86. The Minnesota Court of Appeals rejected his argument, reasoning as follows:

> We hold that the elements of Pierce's offense include both his sending and the receiving of his e-mail. The [protective order] explicitly prohibited Pierce from making contact with [his former girlfriend]. "Contact" included electronic communication. And communicative "contact," like all contact, occurs when the connection linking the participants is made. The implicit element of Pierce's connection with [his former girlfriend] makes relevant the location where [she] received the e-mail. Pierce is correct that his single act of sending the e-mail was all the action necessary to violate the [protective order], but this is because his act of sending it intentionally set in motion the chain of events he designed to complete the connection, which included [his former girlfriend's] act of opening the e-mail. Because [the former girlfriend's] responsive opening was part of Pierce's contact, and therefore also was an element of his offense of violating the [protective order], the place of the offense for venue purposes included the county of receipt.

> This holding mirrors the settled concept that venue is proper both where a criminal actor's conduct occurs and where the resulting criminal impact occurs.

Id. at 86-87; cf. United States v. Johnson, 510 F.3d 521, 524 (4th Cir. 2007) (in determining venue under a federal securities fraud statute, stating "[i]t is well-accepted that there may be 'more than one appropriate venue, or even a venue in which the defendant has never set foot,' so long as it meets the relevant constitutional and statutory requirements" (quoting United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005)).

Thus, like the Courts of Appeal of Florida and Minnesota, we conclude under the language of the statutes at issue that venue was proper in Louisa County because Detective Siewart, posing as 13-year-old "Rebecca," received appellant's "personal [electronic] contact[s]" there. See Code §§ 18.2-374.3, 19.2-244.

## III.

For these reasons, we affirm the challenged convictions.

Affirmed.