PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

                                        OPINION BY
v. Record No. 122053            JUSTICE DONALD W. LEMONS
                                      September 12, 2013
PAUL ANTHONY LEONE


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  H. Thomas Padrick, Jr., Judge

     In this appeal we consider whether the Circuit Court of the

City of Virginia Beach ("circuit court") erred when it restored

Paul Anthony Leone's ("Leone") right to ship, transport, possess

or receive firearms pursuant to Code § 18.2-308.2(C).

                    I.  Facts and Proceedings

     Leone was convicted of possession of marijuana with intent

to distribute on December 4, 1994.  Because of that conviction,

Leone suffered certain political disabilities.  On January 9,

2012, Governor Robert F. McDonnell restored all of Leone's civil

rights except his right to ship, transport, possess or receive

firearms.  On June 20, 2012, Leone filed a petition in the

circuit court to have his right to ship, transport, possess or

receive firearms restored in accordance with Code § 18.2-

308.2(C).  The Commonwealth filed an answer and motion to

dismiss, and argued that the circuit court lacked venue to grant

Leone's petition for restoration because Leone resides in North

Carolina, and not in the City of Virginia Beach ("Virginia Beach").[1]

The circuit court held a hearing on the petition on July 10, 2012. On August 30, 2012, the circuit court granted Leone's petition and by order restored his right to ship, transport, possess or receive firearms. The order specifically noted that the restoration did not include the right to carry a concealed weapon.

The Commonwealth filed a petition for appeal and we granted an appeal[2] on the following assignment of error:

1. Did the court err by granting the petition when the petitioner did not reside in the City of Virginia Beach and Virginia Code Section 18.2-308.2(C) specifically requires the petitioner to reside in the jurisdiction where the petition is filed?

## II. Analysis

A. Standard of Review

Well-settled principles of statutory construction guide our analysis in this case.

> [A]n issue of statutory interpretation is a pure question of law which we review de novo. When the language of a statute is unambiguous, we are bound by the plain

---

[1] There is some discrepancy as to the date of the conviction. The circuit court order and Leone's petition state the conviction was December 4, 1994, but the Governor's executive order and the Commonwealth's motion to dismiss list the conviction date as December 4, 1995. The original conviction order is not part of the record.

[2] No constitutional challenges to the statute were presented in the trial court and, consequently, are not before us on appeal.

meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citations omitted).

B.    Code § 18.2-308.2

Code § 18.2-308.2(A) states that anyone who has been convicted of a felony may no longer possess or transport a firearm or ammunition. Code § 18.2-308.2(C) provides that any person prohibited from possessing, transporting or carrying a firearm under subsection A

> may petition the circuit court of the jurisdiction in which he resides for a permit to possess or carry a firearm or stun weapon; however, no person who has been convicted of a felony shall be qualified to petition for such a permit unless his civil rights have been restored by the Governor or other appropriate authority. A copy of the petition shall be mailed or delivered to the attorney for the Commonwealth for the jurisdiction where the petition was filed who shall be entitled to respond and represent the interests of the Commonwealth.

Code § 18.2-308.2(C) (emphasis added).

There is no dispute that Leone was convicted of a felony, and that he had his civil rights restored by the Governor. There is also no dispute that Leone resides in North Carolina,

3

and that he filed his petition for restoration in the Circuit Court of the City of Virginia Beach.

As we have stated on numerous occasions, it is well-settled that when the language of a statute is unambiguous, we are bound by the plain meaning of that language. Conyers, 273 Va. at 104, 639 S.E.2d at 178; see also Campbell v. Harmon, 271 Va. 590, 597-98, 628 S.E.2d 308, 311-12 (2006); Virginia Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006). The plain language of Code § 18.2-308.2(C) provides only one method by which a petitioner can have his firearm rights restored, and that method is to "petition the circuit court of the jurisdiction in which he resides."

Article VI, Section 1 of the Constitution of Virginia grants to the General Assembly the power to determine the jurisdiction of the courts of the Commonwealth. In Gallagher v. Commonwealth, 284 Va. 444, 452, 732 S.E.2d 22, 26 (2012), we held that "[t]he legislative grant of jurisdiction to the circuit courts, in Code § 18.2-308.2(C), to restore firearm rights falls directly within that constitutional grant of power to the General Assembly." Id. The jurisdiction to restore firearm rights is vested solely in the circuit courts. Id.

However, when the General Assembly granted circuit courts the jurisdiction to restore those rights, it limited the

4

territorial jurisdiction of circuit courts to adjudication of petitions for restoration filed by persons who reside within the territorial jurisdiction of the circuit court. See Code § 18.2-308(C). Territorial jurisdiction is synonymous with venue. Kelso v. Commonwealth, 282 Va. 134, 139, 710 S.E.2d 470, 473 (2011). Territorial jurisdiction is the "authority over persons, things or occurrences located in a defined geographic area." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008)(citation and internal quotation marks omitted). Territorial jurisdiction, unlike subject matter jurisdiction, can be waived. Id. at 229, 61 S.E.2d at 427. However, it was not waived in this case. The Commonwealth clearly objected to the circuit court adjudicating Leone's petition because he was not a resident of Virginia Beach.

Leone admits that he does not currently reside in Virginia Beach, and did not reside in Virginia Beach when he filed his petition for restoration. Because Leone is not a resident of Virginia Beach, the circuit court lacked territorial jurisdiction to adjudicate Leone's petition for restoration of firearms rights.

### III. Conclusion

We hold that the circuit court erred when it granted Leone's petition for restoration of his right to ship,

5

transport, possess or receive firearms.  Accordingly, we reverse the judgment of the circuit court and dismiss the petition.

Reversed and dismissed.