COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Petty and Alston
Argued at Chesapeake, Virginia


TYRONE WILLIAMS

MEMORANDUM OPINION* BY
v.        Record No. 0751-15-1          CHIEF JUDGE GLEN A. HUFF
FEBRUARY 2, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Tyrone Williams ("appellant") appeals his conviction of obstructing justice, in violation

of Code § 18.2-460(C).  After a bench trial in the Circuit Court of the City of Norfolk ("trial

court"), appellant was sentenced to five years' incarceration with four years and six months

suspended.  On appeal, appellant argues that the "trial court erred in finding that it had venue

over the offense because the record did not establish a strong presumption that the offense was

committed within the territorial jurisdiction of the [trial court]."  For the following reasons, this

Court reverses appellant's conviction and remands the case for further proceedings.

I.  BACKGROUND

"When venue is challenged on appeal, we must determine 'whether the evidence, when

viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial

court's] venue findings.'"  Morris v. Commonwealth, 51 Va. App. 459, 464-65, 658 S.E.2d 708,

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

710-11 (2008) (quoting <u>Cheng v. Commonwealth</u>, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990)). So viewed, the evidence is as follows.

Prior to the instant case, appellant was indicted in the trial court for violating the terms and conditions of a protective order, in violation of Code § 16.1-253.2. Trial on this indictment was set for June 12, 2014. Appellant's estranged wife, Tiffany Williams ("Williams"), was subpoenaed to appear as a witness in that trial. The evening before trial, appellant entered Williams's home, which was located in the City of Virginia Beach, ascended to Williams's bedroom, and "plead[ed]" with her not to testify against him on the following day. Despite his pleadings, Williams indicated that she intended to appear in court. Fearing that the encounter would become violent, Williams went downstairs and opened the front door in an attempt to escape. Appellant deduced that Williams intended to flee, however, and "push[ed]" her in the chest and closed the door. Appellant then placed his hands on her chest and neck, grasping the side of her throat, and stated, "[i]f I'm going to jail, I'm going to make it worth it."

As a result of this encounter, appellant was charged, in the City of Norfolk, with obstructing justice in violation of Code § 18.2-460(C). The indictment read,

> On or about June 11, 2014, in the City of Norfolk, [appellant] feloniously did, by threat of bodily harm or force, knowingly intimidate or impede [Williams], a witness in Norfolk Circuit Court relating to a violation of a violent felony offense listed in subsection C of . . . Code § 17.1-80.5, to-wit, . . . Code § 16.1-253.2. [] Code § 18.2-460(C).

Prior to trial, appellant filed a motion to dismiss the indictment, arguing that "prosecution [was] barred by [Code] § 19.2-244" because "[a]ll of [appellant's] acts with respect to this indictment were performed in the City of Virginia Beach." The trial court denied appellant's motion stating,

> we loo[k] to the nature of the crime charged and location of the acts constituting the crime. The crucial issue here is the allegation concerning the obstruction of justice in this court, and that is

something which is peculiar to the City of Norfolk. Under those circumstances, venue is properly laid here in the City of Norfolk.

The case proceeded to trial wherein appellant was convicted of obstructing justice, in violation of Code § 18.2-460(C). This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred by denying his motion to dismiss. First, appellant notes that Code § 18.2-460(C) contains two separate offenses and that the language of the indictment in the present case indicates that appellant was charged only with violating the first offense. Appellant argues that all of the elements necessary for the completion of this first offense occurred in the City of Virginia Beach and, therefore, the trial court lacked venue.

### A. Rule 5A:18

Initially, the Commonwealth contends that appellant's argument on appeal is barred by Rule 5A:18. Specifically, the Commonwealth asserts that appellant failed to argue before the trial court that "the form of the indictment . . . prevented consideration [in its venue analysis] of both avenues under which Code § 18.2-460(C) might be violated." Rule 5A:18 provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Under settled principles, the 'same argument must have been raised, with specificity, at trial before it can be considered on appeal.'" Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) (quoting Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004)). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Id. (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d

444, 448 (2003) (*en banc*)). "[I]f," however, "a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010).

In appellant's motion to dismiss the indictment for lack of venue, he specifically stated, "[a]ll of [appellant's] acts *with respect to this indictment* were performed in the City of Virginia Beach." (Emphasis added). Then, at the hearing on this motion, appellant argued "[t]he second part [of Code § 18.2-460(C)] would be . . . to obstruct or impede the administration of justice in any court," but "when looking at that portion of the statute . . . , I would argue that [appellant's] conduct clearly falls . . . under the first part of it, not the second part." Thus, despite the Commonwealth's assertions to the contrary, the trial court was aware of appellant's argument that the venue analysis should be considered in the context of Code § 18.2-460(C)'s first offense only. Rule 5A:18, therefore, does not bar that argument on appeal.

## B. Venue

"In a criminal prosecution, it is the Commonwealth's burden to establish venue." Bonner v. Commonwealth, 62 Va. App. 206, 210, 745 S.E.2d 162, 164 (2013) (citing Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980)). "Proof of venue," however, "is not a part of the crime. Thus, the prosecution need not prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of a crime." Id. at 210, 745 S.E.2d at 164-65 (quoting Morris, 51 Va. App. at 469, 658 S.E.2d at 712-13). Instead, to establish venue the Commonwealth need only "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court." Cheng, 240 Va. at 36, 393 S.E.2d at 604.

Because Code § 18.2-460(C) does not contain its own venue provision, Virginia's "general" venue statute applies: "Except as otherwise provided by law, the prosecution of a

- 4 -

criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244(A); see Spiker v. Commonwealth, 58 Va. App. 466, 470, 711 S.E.2d 228, 229 (2011). "Application of this [general venue] statute requires a determination of where a specific [offense] was 'committed,'" Kelso v. Commonwealth, 282 Va. 134, 137, 710 S.E.2d 470, 472 (2011), and determining where an offense was committed requires a determination of "what constitutes 'the offense,'" Spiker, 58 Va. App. at 470, 711 S.E.2d at 230.

The above determination "is straightforward when the crime is a discrete act." Kelso, 282 Va. at 137, 710 S.E.2d at 472. When the offense requires more than one act, however, and these acts occur in different jurisdictions, the Supreme Court has held that the jurisdiction wherein the final act occurred "is *an* appropriate venue." See id. at 139, 710 S.E.2d at 473 (emphasis added). In the present case, appellant was convicted of obstructing justice, in violation of Code § 18.2-460(C), which provides:

> If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a . . . witness . . . lawfully engaged in the discharge of his duty, or to obstruct or impede the administration of justice in any court relating to a violation of or conspiracy to violate § 18.2-248 or subdivision (a)(3), (b) or (c) of § 18.2-248.1, or § 18.2-46.2 or § 18.2-46.3, or relating to the violation of or conspiracy to violate any violent felony offense listed in subsection C of § 17.1-805, he shall be guilty of a Class 5 felony.

This statute outlines two offenses; the first proscribes "knowing[] attempts to intimidate or impede a . . . witness . . . lawfully engaged in the discharge of his duty," and the second proscribes "knowing[] attempts . . . to obstruct or impede the administration of justice in any court." Garcia v. Commonwealth, 40 Va. App. 184, 191, 578 S.E.2d 97, 100 (2003), overruled on other grounds, Washington v. Commonwealth, 273 Va. 619, 628, 643 S.E.2d 485, 490 (2007) (noting that "it is incumbent upon [the Supreme Court] to . . . correct an erroneous interpretation

of a penal statute" in <u>Garcia</u>, which held that only Code § 18.2-460(C)'s second offense needed to relate to one of the enumerated crimes).

The indictment under which appellant was charged and convicted in the trial court alleged that appellant "feloniously did, by threat of bodily harm or force, knowingly intimidate or impede [Williams], a witness in Norfolk Circuit Court . . . ." The language of this indictment informs that appellant was charged under Code § 18.2-460(C)'s first offense, not its second. Accordingly, the offense, for the purposes of determining venue in the present case, is limited to the first offense of Code § 18.2-460(C), and our analysis must determine "where [this] specific [offense] was 'committed.'" <u>Kelso</u>, 282 Va. at 137, 710 S.E.2d at 472.[1]

Code § 18.2-460(C)'s first offense provides that it is a Class 5 felony to "attempt[] to intimidate or impede a . . . witness . . . lawfully engaged in the discharge of his duty . . . relating to [one of the enumerated offenses]" "by threats of bodily harm or force." "Thus, it is the threats [of bodily harm or force] made by the offender, coupled with his intent [to intimidate or impede], that constitute the offense." <u>Polk v. Commonwealth</u>, 4 Va. App. 590, 593-94, 358 S.E.2d 770, 772 (1987) (interpreting a former version of Code § 18.2-460(B)'s language, which is the misdemeanor version of, and nearly identical to, Code § 18.2-460(C)); <u>see</u> <u>Washington</u>, 273 Va. at 628, 643 S.E.2d at 490 (holding that the requirement that both of Code § 18.2-460(C)'s offenses must relate to "a violation of or conspiracy to violate" one of the listed felony offenses is the "additional element that makes the proscribed conduct in subsection C more serious than the conduct prohibited in subsection B"). In the present case, the sufficiency of the evidence is not challenged, and it is uncontested that appellant accomplished all of the elements of the crime at Williams's residence in the City of Virginia Beach. The fact that Williams was subpoenaed to

---

[1] This Court does not address whether venue would have been appropriate in the trial court under Code § 18.2-460(C)'s second offense.

testify *specifically in the Norfolk Circuit Court* is irrelevant to proving whether the offense occurred.  Code § 19.2-244 provides that venue is proper "in the county or city in which the offense was committed."  As the entire offense in the present case was committed in the City of Virginia Beach, the trial court lacked venue.

### III.  CONCLUSION

Based on the foregoing, this Court reverses appellant's conviction and remands the case for further proceedings.

Reversed and remanded.

Alston, J., concurring.

I write separately not necessarily to disagree with my colleagues; they make excellent points in the majority opinion, but rather to express a concern that I have in light of the issues raised in this case and many like it.

The principle that concerns me is: "[i]t has long been a commonplace of criminal liability that a person may be charged in the place where the evil results, though he is beyond the jurisdiction when he starts the train of events of which the evil is the fruit." Travelers Health Ass'n v. Commonwealth, 188 Va. 877, 892, 51 S.E.2d 263, 269 (1949) (quoting United States v. Steinberg, 62 F.2d 77, 78 (2d Cir. 1932)). The majority makes a compelling argument that the issue herein focuses on the precise wording of the indictment that the Commonwealth professed for prosecution. I have been convinced that this analytical framework controls the result. Having accepted this framework, I stress that "venue is proper in the jurisdiction where the direct and immediate result of an illegal act occurred, even if the illegal act causing the injury occurred in another jurisdiction." Kelso v. Commonwealth, 282 Va. 134, 138, 710 S.E.2d 470, 473 (2011) (citing Gregory v. Commonwealth, 237 Va. 354, 355, 377 S.E.2d 405, 406 (1989)). But for the deficiency in the indictment, I believe the trial court would not have erred in finding, in these circumstances, that there was culpable conduct by appellant which could be prosecuted in the Circuit Court for the City of Norfolk. It is because of the deficiency in the indictment that I am obliged to concur in the result reached by the majority.