COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chafin and O'Brien
Argued at Fredericksburg, Virginia

GRACE NADINE McGUIRE

OPINION BY
v.       Record No. 0395-17-4      JUDGE TERESA M. CHAFIN
MAY 22, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
J. Howe Brown, Jr., Judge Designate

Alexander Maxwell Ace for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Following a jury trial, the Circuit Court of Loudoun County convicted Grace Nadine

McGuire of giving a false report to a law enforcement official in violation of Code § 18.2-461.

On appeal, McGuire contends the circuit court erred by determining venue was appropriate in

Loudoun County. For the reasons that follow, we affirm the circuit court's decision.

I. BACKGROUND

"In accordance with established principles of appellate review, we state the facts in the

light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord

the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v.

Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). So viewed, the evidence is as

follows.

On March 21, 2014, McGuire sent an email to the Loudoun County Sheriff's Department

alleging a child was being sexually abused in Loudoun County. Deputy Joshua Brumbaugh

called McGuire the next day in response to her email. McGuire told Brumbaugh that H.H.,[1] a fifty-year-old man, was having an inappropriate sexual relationship with a fifteen-year-old girl at his Loudoun County residence. She then gave Brumbaugh an address where she believed H.H. lived, and demanded Brumbaugh to perform a "welfare check" at the address.

McGuire became "combative" when Brumbaugh asked for more information about the sexual abuse. She told Brumbaugh she based her report on "intuition" and previous conversations with the victim. McGuire refused to give Brumbaugh the name of the alleged victim or any additional details regarding the sexual abuse. Eventually, McGuire told Brumbaugh she had an appointment and abruptly ended the conversation. Brumbaugh concluded the information provided by McGuire failed to justify a welfare check, and he did not investigate H.H. any further.

On March 24, 2014, McGuire called the Loudoun County Sheriff's Department and reported H.H. was holding a fifteen-year-old girl at his home against her will and possibly sexually abusing her. As a result of this call, Deputy Sarah Purcell was dispatched to perform a welfare check at H.H.'s residence. Purcell called McGuire on her way to H.H.'s home. McGuire told Purcell that she used to babysit the girl at issue and that H.H. was an "old friend." McGuire then explained she "sensed" the girl was at H.H.'s home, and she was "absolutely positive" the girl was being sexually abused there. Nonetheless, McGuire admitted she had never seen the girl at H.H.'s residence.

When Purcell arrived at H.H.'s home, he allowed her to search his residence for the girl at issue. Purcell did not find any children in the house. H.H. told Purcell that McGuire was a former colleague who previously filed lawsuits against him and his employer. He later clarified he had never met the alleged victim of the sexual abuse. After the search, Purcell called

---

[1] We refer to the victim by his initials to preserve his privacy.

McGuire to inform her the girl was not at H.H.'s home. McGuire asked Purcell to contact the girl's family, and explained she could not contact them directly due to a protective order.

Based on the statements she made to Purcell on March 24, 2014, McGuire was charged with giving a false report to a law enforcement official in violation of Code § 18.2-461. At her trial, McGuire claimed she reported the sexual abuse to the police due to an "overwhelming sensation" or "psychic impression." McGuire admitted, however, that she had never seen H.H. with the alleged victim of the sexual abuse or been told H.H. was abusing the girl.

The evidence presented by the Commonwealth at McGuire's trial failed to establish the location where she placed the calls reporting the alleged sexual abuse to the police. While Purcell believed McGuire lived in Fairfax County, the Commonwealth did not introduce any evidence establishing she called the police from her home. Purcell testified she called McGuire while she was on patrol in Loudoun County. She then clarified she did not know where McGuire was physically located during their conversation.

At the conclusion of the Commonwealth's evidence, McGuire made a motion to strike based on the Commonwealth's failure to prove venue. McGuire argued venue was proper where McGuire actually gave the false report to a law enforcement official rather than where the official received the report. As the Commonwealth failed to prove where McGuire was physically located when she talked to Purcell, McGuire contended the Commonwealth failed to establish Loudoun County was an appropriate venue in which to prosecute the offense.

The circuit court denied McGuire's motion. The circuit court noted McGuire intended to call a police officer in Loudoun County and cause harm in that jurisdiction. The circuit court then explained "where you make a call in one jurisdiction to another with the intent to deceive the law enforcement in that other jurisdiction, the venue is appropriate in the place where the

- 3 -

harm was done as well as the place where the call was made." McGuire renewed her motion to strike after she presented defense evidence, and the circuit court denied her renewed motion.

At the conclusion of McGuire's trial, the jury convicted her of the charged offense and sentenced her to 120 days of incarceration. The circuit court later imposed the sentence recommended by the jury, and this appeal followed.

## II. ANALYSIS

On appeal, McGuire contends venue was not appropriate in Loudoun County because the Commonwealth failed to prove the offense at issue was committed in that jurisdiction. As Code § 18.2-461 criminalizes the "giving" of a false report to a law enforcement official, McGuire argues the proper venue for the prosecution of the offense was the location where the false report was made rather than the location where the false report was received. McGuire maintains the Commonwealth failed to introduce any evidence establishing she called the police from a location in Loudoun County. Therefore, McGuire contends the Commonwealth failed to establish Loudoun County was a proper venue. We disagree with McGuire's argument.

"In a criminal prosecution, it is the Commonwealth's burden to establish venue." Bonner v. Commonwealth, 62 Va. App. 206, 210, 745 S.E.2d 162, 164 (2013) (*en banc*). As venue is not a substantive element of a crime, the Commonwealth is not required to "prove where the crime occurred beyond a reasonable doubt." Id. at 210, 745 S.E.2d at 165 (quoting Morris v. Commonwealth, 51 Va. App. 459, 469, 658 S.E.2d 708, 712-13 (2008)). In order to establish venue, the Commonwealth must "produce evidence sufficient to give rise to a strong presumption that the offense was committed within the jurisdiction of the court." Id. at 211, 745 S.E.2d at 165 (quoting Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990)). "[A]n appellate court's responsibility when reviewing an issue of venue is 'to determine whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to

support the [trial court's] venue findings.'" Id. (quoting Foster-Zahid v. Commonwealth, 23 Va. App. 430, 442, 477 S.E.2d 759, 765 (1996)).

In the absence of a specific statutory provision addressing venue, Virginia's general venue statute, Code § 19.2-244, "dictates the proper venue for an offense." Id. at 211-12, 745 S.E.2d at 165. That statute states, in pertinent part, "the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244(A). The application of Code § 19.2-244 requires an examination of the elements of a crime and "a determination of where [the] specific crime was 'committed.'" Kelso v. Commonwealth, 282 Va. 134, 137, 710 S.E.2d 470, 472 (2011).

"[V]enue for a criminal prosecution will generally be proper wherever any element of the offense occurs." Bonner, 62 Va. App. at 211, 745 S.E.2d at 165. When individual elements of a crime occur in different locations, venue may be proper in more than one jurisdiction. See Kelso, 282 Va. at 139, 710 S.E.2d at 473; Bonner, 62 Va. App. at 212, 745 S.E.2d at 165. Venue may be appropriate in more than one jurisdiction in cases involving "a number of actions which must be taken by more than one person." Kelso, 282 Va. at 138, 710 S.E.2d at 472. In cases involving criminal acts occurring in multiple jurisdictions, Virginia courts have analyzed "the nature of the crime charged and the location of the acts constituting the crime" in order to determine where venue was proper. Id.

In order to determine if venue was proper in Loudoun County in the present case, we must analyze the elements and nature of the offense set forth in Code § 18.2-461. The interpretation of this statute presents a question of law that this Court reviews *de novo*. Dunne v. Commonwealth, 66 Va. App. 24, 29, 782 S.E.2d 170, 172 (2016). "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal

interpretation of the language would result in a manifest absurdity." Id. (quoting Bd. of Supervisors of James City Cty. v. Windmill Meadows, LLC, 287 Va. 170, 179-80, 752 S.E.2d 837, 842 (2014)).

Code § 18.2-461 states, in pertinent part, "It shall be unlawful for any person . . . to knowingly give a false report as to the commission of any crime to any law-enforcement official with intent to mislead." Code § 18.2-461 is unambiguous. Dunne, 66 Va. App. at 29, 782 S.E.2d at 172. In order to violate Code § 18.2-461, an individual with the requisite mental state and intent must: 1) give a false report regarding the commission of a crime, 2) to any law enforcement official. See Code § 18.2-461.

In the present case, the Commonwealth failed to establish where McGuire made the false report at issue. The record did not establish McGuire's physical location when she called the police. The evidence presented, however, established that McGuire's false report was received by the Loudoun County Sheriff's Department in Loudoun County. Purcell also testified she was driving to H.H.'s residence in Loudoun County when she spoke with McGuire about the alleged sexual abuse.

Although McGuire may have given the false report while she was physically located in another jurisdiction, she clearly gave the false report to law enforcement officials located in Loudoun County. Assuming McGuire did not make the calls from a location in Loudoun County, she gave the false report across jurisdictions. As the law enforcement officials who received McGuire's false report were located in Loudoun County, an act constituting a part of McGuire's violation of Code § 18.2-461 occurred in that jurisdiction. Accordingly, Loudoun County was an appropriate venue for the prosecution of the offense pursuant to Code § 19.2-244. See Spiker v. Commonwealth, 58 Va. App. 466, 471, 711 S.E.2d 228, 230 (2011) (holding venue was proper under Code § 19.2-244 in the jurisdiction where a victim received electronic

communications from a defendant located in another jurisdiction in violation of Code § 18.2-374.3).

While venue was proper in Loudoun County because an act constituting a part of the offense occurred in that jurisdiction, we also note the harm resulting from the offense occurred exclusively in Loudoun County. The Supreme Court of Virginia has recognized that "venue is proper in the jurisdiction where the direct and immediate result of an illegal act occurred, even if the illegal act causing the injury occurred in another jurisdiction." Kelso, 282 Va. at 138, 710 S.E.2d at 473. "[I]t has long been a commonplace of criminal liability that a person may be charged in the place where the evil results, though he is beyond the jurisdiction when he starts the train of events of which the evil is the fruit." Spiker, 58 Va. App. at 471, 711 S.E.2d at 230 (quoting Jaynes v. Commonwealth, 276 Va. 443, 452, 666 S.E.2d 303, 307 (2008)).

In the present case, the police and residents of Loudoun County were harmed by McGuire's false report.

> False crime reports compel police to divert scarce resources toward unproductive ends, thereby reducing the availability of resources to catch real criminals. The legislature's criminalization of falsely reporting crimes evinces an intent both to minimize such a waste of resources and to guard against the damage to the reputations of people wrongly accused of crimes.

Dunne, 66 Va. App. at 30, 782 S.E.2d at 173. The Loudoun County Sheriff's Department spent time and resources investigating McGuire's report. Moreover, H.H., a resident of Loudoun County, was both inconvenienced and humiliated by McGuire's false report that he had abducted and sexually abused a child.

The General Assembly has included specific provisions in several statutes defining similar offenses that expressly establish venue in both the jurisdiction where a harmful communication is made and the jurisdiction where the harmful communication is received. For example, Code § 18.2-83 prohibits threats to bomb or damage buildings. In part, that statute

imposes criminal liability on any person "who makes and communicates to another" any threat to bomb, destroy, or otherwise damage a building. See Code § 18.2-83(A). The statute then states, "A violation of this section may be prosecuted either in the jurisdiction from which the communication was made or in the jurisdiction where the communication was received." Code § 18.2-83(B). Code § 18.2-212, the statute prohibiting calling or summoning emergency medical services without just cause, contains a similar venue provision. See Code § 18.2-212. Code § 18.2-430 also provides a similar venue provision pertaining to several offenses involving the unlawful use of telephones. See Code § 18.2-430.

In Bonner, this Court explained that the specific venue provision provided in Code § 18.2-83 would be unnecessary if the offense outlined in that statute could be prosecuted in any jurisdiction where harm was caused by the receipt of a bomb threat. See Bonner, 62 Va. App. at 215, 745 S.E.2d at 167. Bonner, however, did not involve an offense with elements occurring in different jurisdictions. See id. at 212, 745 S.E.2d at 165 (addressing the offense of intentionally removing or altering the serial number of a firearm set forth in Code § 18.2-311.1). In Bonner, this Court concluded venue was improper in a particular jurisdiction under the general venue statute because none of the elements of the offense at issue occurred in that jurisdiction. See id. at 215-16, 745 S.E.2d at 167. As the discussion of the specific venue provision contained in Code § 18.2-83 was inessential to this Court's decision in Bonner, that discussion does not control our decision in the present case. See Newman v. Newman, 42 Va. App. 557, 565-66, 593 S.E.2d 533, 538 (2004) (*en banc*) (explaining that portions of a decision that are inessential to the disposition of a case do not constitute binding authority).

While the specific venue provisions at issue establish that the General Assembly intended for similar offenses to be prosecuted in multiple jurisdictions, they do not establish or imply that the legislature intended for violations of Code § 18.2-461 to only be prosecuted in the

jurisdiction where a false report to a law enforcement official was made. In cases where a false report is given across jurisdictions, venue is appropriate in both the jurisdiction where the report is made and the jurisdiction where the report is received pursuant to the general venue provision contained in Code § 19.2-244. In such cases, the crime occurred in both jurisdictions, and therefore, it may be prosecuted in either venue.

## III. CONCLUSION

In the present case, McGuire made a false report regarding the commission of a crime to law enforcement officials in Loudoun County. Pursuant to Code § 19.2-244, Loudoun County was a proper venue in which to prosecute the offense. Consequently, the circuit court did not err by denying McGuire's motions to strike based on the Commonwealth's failure to prove venue. As the circuit court correctly concluded Loudoun County was an appropriate venue for the prosecution of this case, we affirm McGuire's conviction.

<u>Affirmed.</u>